[Civ. No. 27926.   Second Dist., Div. Three.   April 21, 1964.]

LLOYD MENVEG, Petitioner, v. THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL DISTRICT, Respondent.

Ball, Hunt & Hart, Wise, Kilpatrick & Clayton, Clarence S. Hunt and George E. Wise for Petitioner.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant City Attorney, John F. Haggerty and William E. Doran, Deputy City Attorneys, for Respondent.

FILES, J.— The question considered here is whether a charge of contributing to the delinquency of a minor in violation of Penal Code, section 272, may be prosecuted by the City Attorney of Los Angeles. Our conclusion is that the city attorney may not prosecute, by reason of the language of section 272 declaring that "The district attorney shall prosecute all violations charged under this section."

A criminal action was commenced in the respondent court by a complaint, issued by the City Attorney of Los Angeles, charging that petitioner (the defendant named in the complaint) violated Penal Code, section 272, in that he did permit, condone and encourage a named juvenile to violate Penal Code, sections 484 (theft) and 594 (malicious mischief). After petitioner's demurrer to the complaint had been overruled and his motion to dismiss had been denied, the respondent court set the case for trial. Petitioner then applied to the superior court for a writ of prohibition, which application was denied without an opinion. He then petitioned this court, whereupon an alternative writ was issued.

Penal Code, section 272, was enacted in 1961 when the Legislature rewrote the Juvenile Court Law. (Welf. & Inst. Code, § 500 et seq.) Prior to that revision, the offense of contributing to the delinquency of a minor was defined in the

first paragraph of section 702 of the Welfare and Institutions Code. The second paragraph of the section gave the juvenile court original jurisdiction over the offense. The 1961 legislation repealed that section 702. The new Penal Code section 272 contains language similar to that used in the first paragraph of the former section 702 to define the offense, following which appears this sentence which was not in the former statute: "The district attorney shall prosecute all violations charged under this section."

The reason for repealing section 702 and transferring jurisdiction of this offense to the inferior courts which try other misdemeanor cases is explained in the State Bar Journal's review of 1961 legislation thus: "Under old § 702 it was a misdemeanor subject to juvenile court jurisdiction to contribute to a minor's delinquency. Since an adult so charged is entitled to a public trial and trial by jury, and since misdemeanor trials in superior court are costly, this section becomes Penal Code § 272. The crime now includes causing a minor to come within the new jurisdictional categories of the juvenile court (*i.e.,* abandoning the child or contributing to his delinquent tendencies or acts in violation of law)." (36 State Bar J. 643, 865 [1961].)

Neither the analysis in the Bar Journal nor any other published comment which has been called to the court's attention has discussed the purpose or effect of the sentence relating to the district attorney. That sentence appeared in the original version of Senate Bill 332, as it was introduced in the 1961 session of the Legislature, and was never amended.

The language of section 272 cannot be regarded as a grant of authority to the district attorney because existing statutes give to the district attorney, as well as to the City Attorney of Los Angeles, the authority to prosecute misdemeanor violations of state law committed within the city.

The California Constitution, article XI, section 5, directs the Legislature to prescribe the duties of district attorneys.

In Government Code, section 26500, the Legislature has provided, "The district attorney is the public prosecutor. He shall attend the courts, and conduct on behalf of the people all prosecutions for public offenses."

The Government Code also provides in section 72193: "Whenever the charter of any city situated within a district for which a municipal court has been established creates the office of city prosecutor, or provides that a deputy city attorney shall act as city prosecutor, and charges such prosecutor

with the duty, when authorized by law, of prosecuting misdemeanor offenses arising out of violations of state laws, he may exercise the following powers:

"(a) He shall prosecute all such misdemeanors committed within the city which are within the jurisdiction of the municipal court of the district in which such city is located, and handle all appeals arising from it. . . ."

The Los Angeles City Charter has accepted this grant of authority for its city attorney. Section 42, subdivision (8), of the charter says: "Whenever it shall be authorized by the laws of this state, the City Attorney shall prosecute any or all misdemeanor offenses arising upon violation of the laws of the state and appeals arising therefrom. . . ."

Section 43 of the charter abolishes the separate office of city prosecutor and declares the city attorney to be the successor to that office.

In November 1952 the Attorney General rendered an opinion in answer to an inquiry from the District Attorney of Los Angeles County as to whether it was his duty to prosecute misdemeanor violations of state statutes in each of the incorporated cities in the county. The Attorney General's opinion reviewed the applicable statutes (which were not substantially different from those presently in effect) and stated: "In comparing and harmonizing the statutes here involved, so as not to work the repeal of any of them, it was evidently the intent of the Legislature to place the duty primarily upon the city prosecuting attorney to file complaints and conduct the prosecution of state misdemeanor offenses in the municipal and justice courts without relieving the district attorney of such duty if and when it may be necessary or advisable for him to act as the public prosecutor. For instance, a city prosecuting attorney may be disqualified or for some reason be unable to conduct the prosecution of a particular criminal action involving the commission of a state penal law, then it would be the duty of the district attorney to conduct such prosecution. Likewise, it would be his duty to prosecute in the municipal and justice courts when the laws of this state are not being uniformly and adequately enforced, particularly where such matter is called to the attention of the district attorney by the Attorney General, otherwise the will of the people as expressed in § 21 of art. V of the Constitution would be defeated." (20 Ops. Cal.Atty. Gen. 234, 237.)

To construe the closing sentence of Penal Code, section

272, as a grant or confirmation of authority in the district attorney would be to treat this statutory language as a redundancy. The only reasonable alternative is to read the section as indicating that only the district attorney may prosecute. The statement that the district attorney shall prosecute "all" violations cannot be construed as merely an exhortation to diligent law enforcement. Rather, it should be read in the light of the inherent power of a prosecutor to decide "what crime is to be charged or if any crime is to be charged." (See *People* v. *Sidener,* 58 Cal.2d 645, 650 [25 Cal. Rptr. 697, 375 P.2d 641].) ▮ The word "all" in the closing sentence of section 272 means that the violations charged by the district attorney are all of the violations which shall be prosecuted under this section, and that violations not charged by the district attorney shall not be prosecuted under this section.

▮ It is pertinent to note that some acts which contribute to the delinquency of minors are also felonies under other statutes, and that acquittal or conviction under section 272 may bar any prosecution for the more serious offense (*e.g. People* v. *Greer,* 30 Cal.2d 589, 597 [184 P.2d 512]). Section 272 gives the district attorney alone the authority and responsibility in this area of law enforcement.

It is unnecessary to speculate as to the Legislature's reasons for doing what it did. There are reasons for preferring to give the district attorney exclusive authority in the prosecution of this offense, and there are other reasons which might be given for leaving primary responsibility with those who prosecute other misdemeanors. The controlling circumstance is that the statute refers to the district attorney in words which appear to have no other purpose than to make his authority exclusive.

In arguing that the words "district attorney," as used in section 272, should be interpreted to mean any prosecuting attorney, the city attorney cites Water Code, section 13005, and Revenue and Taxation Code, sections 3593 and 3619, each of which defines "district attorney" as including a city attorney.

Water Code, section 13005, says: " 'District attorney,' as used in this division, means 'county counsel' with respect to any county having such an officer and 'city attorney' with respect to any city and county having such an officer as to all matters except the prosecution of crimes."

Revenue and Taxation Code, section 3593, provides: "As

used in this chapter, 'district attorney' includes county counsel, city attorney, and any other term by which the civil legal adviser of a county is known." Section 3619 contains similar language.

The limitations contained in those definitions may just as well be used to argue against the city's position. The statement that district attorney includes city attorney "as used in this division" and "as used in this chapter," where all three definitions are limited to civil matters, lends no support to the argument that district attorney may mean city attorney in the Penal Code.

██ Petitioner's remedy by appeal is clearly inadequate. It would be unjust to put him to the inconvenience and expense of defending against a prosecution which was initiated without lawful authority.

Let a peremptory writ of prohibition issue.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied May 15, 1964, and respondent's petition for a hearing by the Supreme Court was denied June 16, 1964.