[Civ. No. 570.    Fifth Dist.    Mar. 14, 1966.]

CITY OF MERCED, Plaintiff and Respondent, v. COUNTY OF MERCED et al., Defendants and Appellants.

764

Willard B. Treadwell, County Counsel, and Pat Hallford, District Attorney, for Defendants and Appellants.

Fred A. Silveira, City Attorney, for Plaintiff and Respondent.

CONLEY, P. J.—This appeal is taken by the County of Merced and Pat Hallford, the Merced District Attorney, from a judgment in a declaratory relief action holding that the City of Merced, through its city attorney, does not have to prosecute violators of the general laws of the state. It should be emphasized that our decision herein is based upon the present laws of the state and the present provisions of the Charter of the City of Merced.

The City of Merced is a charter city by virtue of the statute enacted by the Legislature (Stats. 1949, (Senate Concurrent Resolution No. 53) ch. 126, p. 3159 et seq.); in section 603,

subdivision f, it provides that the city attorney shall: "Prosecute on behalf of the people such criminal cases for violations of this Charter, of City ordinances and of misdemeanor offenses arising upon violation of the laws of the State as in his opinion, or that of the City Council, or of the City Manager, warrant his attention; . . ."

It is a conceded fact that there is no municipal court in the City of Merced, or in Merced County.

The judgment in the case contains the following provisions: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

"1. That Section 603 (f) of the Charter of the City of Merced, California, does not require the City Attorney of said city, nor is he under the legal duty, to prosecute on behalf of the people misdemeanor violations of state law, occurring within the City of Merced.

"2. That the District Attorney of the County of Merced is required, and it is his legal duty, to prosecute on behalf of the people misdemeanor violations of state law occurring within the City of Merced.

"3. That the City Attorney of the City of Merced is required, and he is under the legal duty, to prosecute on behalf of the people misdemeanor violations of the city charter and city ordinances occurring within the City of Merced."

Article XI, section 8, subdivision j, of the California Constitution provides in part as follows: "It shall be competent in any charter framed under the authority of this section to provide that the municipality governed thereunder *may make and enforce all laws and regulations in respect to municipal affairs,* subject only to the restrictions and limitations provided in their several charters *and in respect to other matters they shall be subject to general laws.*" (Italics added.)

No one questions the duty of the city attorney to enforce in appropriate cases the provisions of the Charter of the City of Merced and all city ordinances which have been duly passed.

The only question involved here is whether the city attorney has the duty, or, in fact, the right to enforce in Merced the general criminal laws of the State of California involving misdemeanors. Section 72193 of the Government Code states in part: "Whenever the charter of any city situated within a district for which a municipal court has been established creates the office of city prosecutor, or provides that a deputy city attorney shall act as city prosecutor, and

charges such prosecutor with the duty, when authorized by law, of prosecuting misdemeanor offenses arising out of violations of state laws, he may exercise the following powers:

"(a) He shall prosecute all such misdemeanors committed within the city which are within the jurisdiction of the municipal court. . ."

By adopting the city charter, it is obvious that the Legislature did not intend to place the duty upon the city attorney of enforcing general criminal laws of the state relating to misdemeanors occurring in Merced. On the other hand, the several district attorneys of the state, including the District Attorney of Merced County, have the specific duty to prosecute such violations of general laws. (Gov. Code, § 26500.) This duty is mandatory, and not discretionary.

The applicable law as to the respective duties of the Merced County District Attorney and the City Attorney of Merced is correctly stated in the opinion in *Fleming* v. *Hance*, 153 Cal. 162, 168 [94 P. 620]: ". . . Here are two classes of cases which it is, or may become, the duty of the prosecuting attorneys to conduct on behalf of the people: 1. Those involving a violation of the state law or a county ordinance; 2. Those involving a violation of the city law (charter or ordinance). The prosecution of the first class of offenses cannot be said to be any part of the duty of the municipality. The offenses are created by general state law or county ordinance, and are punishable under such law or ordinance, whether committed within or without the limits of a municipality. The burden of so prosecuting is to be assumed by the state or the counties into which the state is, for governmental purposes, subdivided, and it has, in fact, always been so assumed in this state. The state has provided a general system of inferior courts, operating throughout every portion of each county, and having jurisdiction over offenses of this class. (Code Civ. Proc., §§ 103, 115.) The Constitution (art. XI, § 5) requires the Legislature to provide, by general and uniform laws, for the election or appointment, in the several counties of district attorneys and to prescribe their duties. By general law it is made the duty of the several district attorneys to 'conduct, on behalf of the people, all prosecutions for public offenses,' in their respective counties. (Pol. Code, § 4256; County Government Act, § 132, Stats. 1897, p. 488.) The duties thus uniformly imposed upon county officers do not become municipal in character merely because they are to be exercised within the limits of a city. The prosecution of offenses against the state law or a county

ordinance not being, then, a municipal duty, the Legislature cannot impose the cost of performing this function upon the city.''

In connection with the enforcement of general laws defining misdemeanors *in cities having a municipal court*, the Legislature has seen fit to require the city attorneys therein to prosecute violations. (Gov. Code, § 72193.) But this merely shows that the Legislature has a right by virtue of the constitutional provision above quoted to make general laws relative to the prosecution of crime. ■■ The Legislature has not seen fit to enact a similar provision applicable to counties such as Merced, which contain only justice courts and no municipal courts. Section 71099 of the Government Code does not change the correctness of this statement: ''Whenever a municipal or justice court is established in a city and county or in a district containing a city in which there is an officer charged with the duty of prosecuting misdemeanor charges in a court superseded by such municipal or justice court, he shall prosecute all such misdemeanor charges in the municipal or justice court with the same rights, duties, and privileges that he formerly exercised with respect to such charges in the superseded court, including the prosecution of appeals in criminal cases arising in the municipal or justice court and the defense of all writs arising out of arrests for offenses triable in the municipal or justice court in whatever court or courts that may be appealed to or initiated in.''

This provision of law was enacted merely to continue the right, if any, of a district attorney or city attorney to prosecute in a new court cases which formerly were tried in another court. There is no attempt to extend the right of a city attorney as against the duty of the district attorney to act in the case of a violation of a general law relating to misdemeanors.

It is also suggested by the appellant that the Charter of the City of Merced imposes a duty upon the city attorney to prosecute misdemeanor offenses under the general laws of the state, and that the language used in section 603, subdivision f, of the city charter refers ''to the inherent discretion vested in the office of prosecutor''; it is argued that this language only is intended to give a right to the city attorney to ''decide what crime is to be charged or if any crime is to be charged,'' as discussed in *People* v. *Sidener*, 58 Cal.2d 645, 650 [25 Cal. Rptr. 697, 375 P.2d 641] ; *Menveg* v. *Municipal Court*, 226

Cal.App.2d 569, 573 [38 Cal.Rptr. 232] ; *Taliaferro* v. *City of San Pablo,* 187 Cal.App.2d 153 [9 Cal.Rptr. 445], and *Taliaferro* v. *Locke,* 182 Cal.App.2d 752 [6 Cal.Rptr. 813]. This erroneous view results from a misreading of a perfectly clear section of the Merced City Charter. ▮ Section 603, subdivision f, of the charter does not purport to make it a duty of the city attorney to prosecute all Merced city misdemeanors which are breaches of the general laws of the state. It only purports to furnish an alternative method for prosecution of such offenses by the city attorney, if he or the city council or the city manager sees fit; for the reasons already given, even the prosecution of these violations of law by the city attorney would violate the Constitution and the statutes. ▮ As pointed out at the beginning of this opinion, we are construing the present laws of the state; it is possible that the Legislature may see fit to change the legal rule with respect to prosecutions in justice courts in cities such as Merced, but at the present time there is no duty, and in fact no right, on the part of a city attorney to usurp the functions of the district attorney provided by law. Misdemeanor breaches of general laws of the state occurring in the City of Merced must be prosecuted by the District Attorney of the County of Merced.

The judgment is affirmed.

Brown (R. M.), J., and Stone, J., concurred.