[Crim. No. 15685.    Second Dist., Div. Four.    Nov. 14, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. PETE ENRIQUEZ, Defendant and Respondent.

Roger Arnebergh, City Attorney, Philip E. Grey, Assistant
City Attorney, and Samuel C. Pelter, Deputy City Attorney,
for Plaintiff and Appellant.

Evelle J. Younger, District Attorney, Harry Wood, Harry
B. Sondheim and Maurice H. Oppenheim, Deputy District
Attorneys, as Amici Curiae on behalf of Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Floyd W. Davis, and
James L. McCormick, Deputy Public Defenders, for Defendant and Respondent.

WAPNER, J. pro tem.*—This case was accepted by the
Court of Appeal on certification from the superior court
appellate department under rule 63, subdivision (a), California Rules of Court.

The question of law as enunciated by the appellate
department of the superior court is ''Has the adoption of
Government Code § 41803.5 in 1967 changed the rule set forth
in *Menveg* v. *Municipal Court* [1964] 226 Cal.App.2d 569 [38
Cal.Rptr. 232] that a city attorney has no jurisdiction to file
or prosecute an alleged violation of Penal Code § 272?'' The
opinion rendered by the appellate department answered this
question in the negative.

Defendant was charged in count II of a complaint filed in
the Municipal Court, Los Angeles Judicial District, with a
violation of section 272, Penal Code. On the court's motion
said count II was dismissed because the city attorney was
going to prosecute the case. It was stipulated that no district
attorney was present. The issues involved the respective jurisdictions of the city attorney and the district attorney to file
and prosecute violations under section 272 of the Penal Code.

*Assigned by the Chairman of the Judicial Council.

Prior to the filing of the complaint in this case the district attorney had given the city attorney of the City of Los Angeles blanket authority to prosecute all violations of section 272 of the Penal Code.

In 1961 section 272 of the Penal Code was enacted. This section provides ''Every person who commits any act or omits the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of 21 years to come within the provisions of Sections 600, 601, or 602 of the Welfare and Institutions Code or which act or omission contributes thereto, or any person who, by any act or omission, or by threats, commands, or persuasion, induces or endeavors to induce any person under the age of 21 years or any ward or dependent child of the juvenile court to fail or refuse to conform to a lawful order of the juvenile court, or to do or to perform any act or to follow any course of conduct or to so live as would cause or manifestly tend to cause any such person to become or to remain a person within the provisions of Sections 600, 601, or 602 of the Welfare and Institutions Code, is guilty of a misdemeanor . . . The district attorney shall prosecute all violations charged under this section.''

Following the language of this section, the rule was enunciated in *Menveg* v. *Municipal Court,* 226 Cal.App.2d 569 at pages 572-573 [38 Cal.Rptr. 232], ''The word 'all' in the closing sentence of section 272 means that the violations charged by the district attorney are all of the violations which shall be prosecuted under this section, and that violations not charged by the district attorney shall not be prosecuted under this section.''

In 1967 the Legislature enacted Government Code section 41803.5 which reads: ''With the consent of the district attorney of the county, the city attorney of any general law city or chartered city within the county may prosecute any misdemeanor committed within the city arising out of violation of state law.''

The question is then whether Government Code section 41803.5 supersedes the rule in *Menveg, supra,* although when it was enacted the Legislature did nothing to change section 272 of the Penal Code.

The respondent asserts that section 41803.5 was enacted only for the purpose of changing the rule and implications of *City of Merced* v. *County of Merced,* 240 Cal.App.2d 763 [50 Cal.Rptr. 287]. There the factual situation involved the respective duties of the city attorney and district attorney to prosecute misdemeanor offenses and the issue as stated by the

court on page 765-766 was "whether the city attorney has the duty, or, in fact, the right to enforce in Merced the general criminal laws of the State of California involving misdemeanors."

The court held that, under the general laws as they then stood, the Legislature had not imposed on the city any obligation to enforce state law and had, in fact, imposed that duty solely on the district attorney. But the court also recognized (at p. 768) that "it is possible that the Legislature may see fit to change the legal rule with respect to prosecutions in justice courts in cities such as Merced."

It is true, as the superior court appellate department stated in its opinion, that as first digested by the legislative counsel the original SB 307 setting forth section 41803.5, Government Code, was to change the ruling and implications of *City of Merced* v. *County of Merced, supra.* However, as pointed out by the People, this bill went through many changes and amendments on its way to finally being adopted. And, without setting forth those changes and the reasons therefor it seems abundantly clear to us that the final intent of the Legislature in passing section 41803.5 was not solely to deal with the problem of *City of Merced* v. *County of Merced, supra,* or *Menveg* v. *Municipal Court, supra,* but rather with a much broader problem of what to do about all of the various penal sections in the many codes which up to that time placed exclusive responsibility for prosecution upon the district attorney.

Rather than attempt to amend each of the multitude of statutes[1] individually, the Legislature, by the enactment of section 41803.5, accomplished its purpose with one major operation, rather than many minor operations.

This certainly seems to be a much more realistic and reasonable way of dealing with the problem.

The order dismissing count II of the amended complaint is reversed.

Files, P. J., and Kingsley, J., concurred.

---

[1] For example (the list is not exhaustive): Business and Professions Code sections 1000-1017 (chiropractors), 1703 (dentist), 4180 (sale or use of poisons), 4381 (pharmacists drugs, etc.), 10130 (real estate brokers, salesmen, etc.), 10140 (real estate brokers, salesmen, etc.), 10500 (oil and gas broker), 10512 (false statements re oil and gas minerals re joint property), Health and Safety Code sections 3355 (quarantine violations), 11680 (narcotics and drug violations of div. 10), 26384 (pure drugs), 26604 (pure foods), 28443 (canneries), Labor Code section 2333 (sanitary conditions in foundries.)