Opinion
BOSKOVICH, P. J.
Appellant was cited for two infractions. He made a series of pretrial motions challenging the court’s jurisdiction. Before trial, the court addressed each of the appellant’s 18 pretrial motions and requests. The court denied the jurisdictional challenges and granted motions “preserving [defendant’s] constitutional rights.” The court expressly stated it was neutral and not acting in a prosecutorial capacity. There was no representative from the district attorney’s office present at trial. The sole issue considered on appeal is whether the absence of the district attorney deprived appellant of a fair and impartial tribunal.
At trial, the arresting officer testified. The court engaged in some questioning of the officer after he had stated the basic facts of the offenses in narrative form. Appellant was permitted to fully cross-examine the officer on all defense theories. The officer stated he was not the prosecutor, only a witness. Appellant called witnesses and testified in his own behalf.
It is settled that there is no due process question raised by the absence of the district attorney at infraction trials. (People v. Carlucci (1979) 23 Cal.3d 249 [152 Cal.Rptr. 439, 590 P.2d 15]). This court requested an additional briefing on the issue of whether Government Code sections 100 and 26500 required the district attorney to be present at infraction trials. The specific question of whether there is a statutory requirement that the district attorney be present appears to be one of first impression.
Since the late 1800’s the evolution of section 26500 and its predecessors points to a constant expansion of the duties of the district attorney. The *Supp. 4 inference arises that it is the duty of the district attorney to prosecute all forms of public offenses in all courts. (12 Ops.Cal.Atty.Gen. 302 (1948).)
Prior to 1980, Government Code section 26500 read: “The district attorney is the public prosecutor. []J] He shall attend the court and conduct on behalf of the people all prosecutions for public offenses.”
In 1980, this section was amended along with Penal Code sections 853.6, 853.6a and 853.9 to require peace officers to file the duplicate copy of notices to appear with the prosecuting attorney rather than the court. The purpose of the amendments was to allow the prosecuting attorney to make decisions, traditionally within its discretion, whether to pursue prosecution.
To this end, the second paragraph of section 26500 was amended to read: “The public prosecutor shall attend the courts, and within his or her discretion shall initiate and conduct on behalf of the people all prosecutions for public offenses.” (Italics added.) The overall purpose of the bill[1] would seem to support the view that the Legislature intended to vest discretion in the prosecuting attorney only in the initiation of prosecution, not in its conduct.
Where, as here, the language of a statute is ambiguous, the court may look to sources other than the plain words of the statute to determine its meaning. (People v. Knowles (1950) 35 Cal.2d 175, 182 [217 P.2d 1]). In this case, respondent urges the court to consider the bill analysis for the Assembly Committee on Criminal Justice. The analysis is an extrinsic aid entitled to some weight. (In re Vicki H. (1979) 99 Cal.App.3d 484, 495 [160 Cal.Rptr. 294]) In construing a statute, the court may also assess historical context and public policy concerns. (People v. Knowles, supra, at p. 182; In re Marriage of Bouquet (1976) 16 Cal.3d 583, 587 [128 Cal.Rptr. 427, 546 P.2d 1371].)
Applying these principles, it is apparent that the question of the wording of the amendment to the second paragraph of Government Code section 26500 was presented to the Legislature, which declined to revise the existing provision.[2] Further, the amendments postdated the California Supreme *Supp. 5 Court’s decision in Carlucci, supra, 23 Cal.3d 249 which discussed at some length the public policy reasons supporting its decision not to require the district attorney’s presence at infraction trials.
Certainly, it has always been the case that financial considerations have played a part in the prosecuting attorney’s decisions to investigate and prosecute crimes. (Taliaferro v. Locke (1960) 182 Cal.App.2d 752, 755-756 [6 Cal.Rptr. 813]). It is not unreasonable to extend recognition of the realities of present-day funding concerns to encompass discretion in appearing in court to conduct prosecutions. We therefore hold that Government Code section 26500 in its present form does not require the prosecuting attorney to be present at infraction trials.
We concur with the California Supreme Court in cautioning trial courts to “refrain from advocacy” (People v. Carlucci, supra, 23 Cal.3d at p. 258) in trials where the district attorney is absent, to avoid impropriety or the appearance of impropriety. (Code of Jud. Conduct, canon 2.) The determination of whether a violation of judicial canons and the defendant’s right to a fair and impartial trial has occurred is dependent upon the facts of the case, and, as suggested by the court in Carlucci, must be made on a case-by-case basis.
In this case, the facts do not establish that the court was anything but fair and impartial to appellant both in consideration of his multiple motions and in ruling on his many objections. There is no indication that the court took the part of the prosecution. We conclude appellant was not denied a fair and impartial trial.
Appellant’s numerous remaining contentions are lacking in merit and deserve no further discussion. The judgment of the trial court is affirmed.
Davis, J., concurred.

The Legislative Counsel’s Digest of Senate Bill No. 1890 (4 Stats. 1980 (1979-1980 Reg. Sess.) Summary Dig., p. 344), states: “This bill would . . . provide that such notice be filed with the prosecuting attorney .... [t]he prosecutor, within his or her discretion would initiate prosecution by filing the notice or a formal complaint with a magistrate. . . .”

Assembly Committee on Criminal Justice, Analysis of Senate Bill No. 1890, Comments, paragraph 4: “Are the changes in Section one [sz'c] of this bill necessary? This language appears to eliminate the existing mandate that the public prosecutor conduct all prosecutions for public offenses on behalf of the people and insert in it’s [szc] stead discretionary provisions. Is this the intent? Different language should be drafted to accomplish the ostensible *Supp. 5 purpose of this provision without modifying the existing mandates (i.e. ‘The public prosecutor shall attend the courts and conduct on behalf of the people all prosecutions for public offenses which, within his/her discretion, have been initiated’. . . .”