TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 91-503 |
| of | : | |
| | : | MARCH 18, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE DENNIS J. SHEEHY, DISTRICT ATTORNEY, COUNTY OF SHASTA, has requested an opinion on the following question:

May a municipal court rule require the attendance of a deputy district attorney at all arraignment proceedings, applications for bail, and hearings on diversion eligibility?

CONCLUSION

A municipal court rule may not require the attendance of a deputy district attorney at all arraignment proceedings, applications for bail, and hearings on diversion eligibility.

ANALYSIS

The issue presented for resolution concerns the authority of a municipal court to compel, by rule, the attendance and participation of a deputy district attorney at all arraignment proceedings, applications for bail, and hearings on diversion eligibility, with full authority to address such issues as arise in the course of those proceedings. We conclude that the court does not have such authority.

The principal statute to be interpreted is Government Code section 26500, which provides as follows:

"The district attorney is the public prosecutor, except as otherwise provided by law.

"The public prosecutor shall attend the courts, *and within his or her discretion shall initiate* and conduct on behalf of the people all prosecutions for public offenses." (Emphasis added.)

The words above italicized were added by amendatory legislation in 1980. (Stats. 1980, ch. 1094, § 1.) In *People ex rel. Kottmeier v. Municipal Court* (1990) 220 Cal.App.3d 602, 608-610, the court explained the 1980 amendment as follows:

"In *People* v. *Daggett* (1988) 206 Cal.App.3d Supp. 1, the appellate department of Sacramento County held that section 26500, as amended, did not require the attendance of a prosecutor at infraction trials. Relying in part on legislative history, the court ruled that the Legislature, in making the amendment, was conscious that the amended version would grant the prosecutor discretion in appearing, as well as initiating a prosecution. However, the court also pointed out that the amendments were made after the decision in *People* v. *Carlucci* [(1979) 23 Cal.3d 249], and that the Legislature was presumed to have been aware of the court's ruling that the prosecutor need not be present.

"Although the language of Government Code section 26500 is certainly not free from doubt, we agree with the result reached in *People* v. *Daggett*. The phrase `attend the courts' is too vague to be of much use in interpretation; what courts? When? On its face the statute then appears to grant the district attorney discretion *both* to initiate *and* conduct the prosecutions. This is undoubtedly the intention of the statute, insofar as it means that it is the district attorney's prerogative to determine whether to file charges and whether to continue a prosecution. (See *People* v. *Adams* (1974) 43 Cal.App.3d 697, 707-708.) It is less clear that the statute was intended to permit the district attorney to choose when to appear for trial, or what the result of his absence should be.

"We note that it has been stated that the provisions of Government Code section 26500 requiring the presence of the prosecutor `are for the benefit of the people.' (*People* v. *Thompson* (1940) 41 Cal.App.2d Supp. 965, 967.) This suggests that there is discretion not to appear, if the district attorney is willing to take the consequences of an adverse verdict or ruling, which in most misdemeanor and felony cases would be a foregone conclusion. If the District Attorney elected not to appear at a serious felony trial involving complex issues and numerous witnesses, two things would be clear; he would be in gross dereliction of his duty to the people of the state under Government Code section 26500, and the court would be justified in dismissing the case.

"However, we do not think it either necessary or proper to consider such a situation, which is not before us. In *People* v. *Carlucci, supra*, the court extensively discussed the unique nature of infraction prosecutions and the benefits to all sides of encouraging expeditious and flexible procedures. (See also *In re Dennis* (1976) 18 Cal.3d 687, 695.) The prohibition against appointed counsel in infraction cases (Pen. Code, § 19c) ensures that the majority of defendants will be unrepresented, and the presence of a prosecutor would be `hardly to defendant's advantage.' (*People* v. *Carlucci, supra*, 23 Cal.3d at p. 258.) We need not repeat in detail that court's recital of the practical considerations underlying the decision that such cases may be handled without the presence of a prosecutor; we need only agree and hold that petitioner's decision not to provide a prosecutor for infraction trials is not forbidden by Government Code section 26500." (Fn. omitted.)

*Carlucci, Daggett, and Kottmeier* concerned infraction prosecutions. Nevertheless, since an infraction is clearly a public offense (Pen. Code, §§ 16, 17),[1] it necessarily follows from the holdings in the latter two cases (*Carlucci* was decided exclusively on constitutional grounds) that the language "[t]he public prosecutor shall . . . conduct on behalf of the people all prosecutions for public offenses" cannot be construed to require the appearance of the prosecutor in *all* such prosecutions.

*Kottmeier* does suggest by way of dictum, however, that the failure of the prosecutor to appear "at a serious felony trial involving complex issues and numerous witnesses" would result in the following consequences: first, the prosecutor would be in gross dereliction of his duty to the people of the state under Government Code section 26500, and second, the court would be justified in dismissing the case. Still a third consequence may be provided in section 1103:

"If the prosecuting attorney fails to attend at the trial *in the superior court*, the court must appoint some attorney at law to perform the duties of the prosecuting attorney on such trial." (Emphasis added.)

None of the consequences referred to above purport to authorize the court to compel the attendance of the prosecutor. Even in a felony case in the superior court, the result of the prosecutor's failure to attend is expressly prescribed in section 1103, and does not include compelled attendance. It would be incongruous to conclude that such authority would reside only in an inferior court.

In our view, therefore, Government Code section 26500 does not provide a basis for a municipal court rule compelling attendance of the prosecutor at all arraignments, bail application hearings, and diversion eligibility proceedings. Indeed, the statute precludes such a rule by granting public prosecutors discretion in conducting the prosecutions of all public offenses. *Carlucci, Daggett*, and *Kottmeier* support the view that this prosecutorial discretion cannot be infringed by a court under the circumstances presented. As we shall demonstrate, the statutory provisions specifically governing arraignments, bail applications, and diversion eligibility proceedings are consistent with this interpretation of Government Code section 26500.

1.      Arraignments

Section 988 provides as follows:

"The arraignment must be made by the court, or by the clerk or prosecuting attorney under its direction, and consists in reading the accusatory pleading to the defendant and delivering to him a true copy thereof, and of the endorsements thereon, if any, including the list of witnesses, and asking him whether he pleads guilty or not guilty to the accusatory pleading; provided, that where the accusatory pleading is a complaint charging a misdemeanor triable in an inferior court, a copy of the same need not be delivered to any defendant unless requested by him."

Section 1003 states:

"Both the demurrer and plea must be put in, in open court, either at the time of arraignment or at such other time as may be allowed to the defendant for that purpose."

---

[1]Hereinafter, all undesignated section references are to the Penal Code.

Thus, the purpose of an arraignment is to inform the defendant of the charge and to provide an opportunity to enter a plea or to move to set aside the accusatory pleading. (*People v. Hill* (1967) 251 Cal.App.2d 391; *People v. Carter* (1966) 245 Cal.App.2d 48; 63 Ops.Cal.Atty.Gen. 193 (1980).) An arraignment proceeding may encompass duties from the ministerial act of delivering a copy of the accusatory pleading to the judicial act of taking and entering the plea. (67 Ops.Cal.Atty.Gen. 162, 166 (1984); 63 Ops.Cal.Atty.Gen., *supra,* 197.)

We perceive nothing expressed or implied in the statutory scheme, nor in any statutory or constitutional right of the defendant, which would require as a matter of law the attendance of a public prosecutor at all arraignment proceedings. These provisions are thus consistent with the reasoning of the Court of Appeal in *Kottmeier* and the interpretation that Government Code section 26500 precludes adoption of the municipal court rule in question.

2.      Bail Applications

The traditional method of obtaining a defendant's release from custody pending a criminal trial is by the posting of "bail," consisting ordinarily of a sum of money or bond deposited with the court which is forfeited upon the failure of the defendant to appear as required. (See Cal. Const., art. I, § 12; §§ 1268, 1273; *In re Boyle* (1974) 11 Cal.3d 165, 169; 71 Ops.Cal.Atty.Gen. 64, 65 (1988).) In the alternative, the court may order the release upon the defendant's "own recognizance" and agreement to appear in court as required. (See Cal. Const., art. I, § 12; §§ 1269c, 1270, 1318-1320; *Van Atta v. Scott* (1980) 27 Cal.3d 424, 431-432; 71 Ops.Cal.Atty.Gen., *supra,* 65.)

The bail amount is determined in one of three ways: (1) a bail schedule is adopted by the judges of the county fixing the amount of bail for each offense; (2) when a warrant of arrest is issued by a magistrate, the amount of bail is endorsed on the warrant; and (3) when a defendant appears in court, the judge fixes the amount of bail. (§§ 815a, 1269b; 71 Ops.Cal.Atty.Gen., *supra,* 66.) When the admission to bail is a matter of discretion or where the defendant has been admitted to bail upon an indictment or information, the court must require that reasonable notice of an application for bail or reduction in bail be given to the district attorney. (§§ 1274, 1289; 71 Ops.Cal.Atty.Gen., *supra,* 69-70.) Finally, section 1275 provides in part as follows:

> "In setting, reducing, or denying bail, the judge or magistrate shall take into consideration the protection of the public, the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his or her appearing at trial or hearing of the case. The public safety shall be the primary consideration."

While it appears clear that either side may produce evidence through testimony, declarations, or representations respecting an application for bail (*Van Atta v. Scott, supra,* 27 Cal.3d at 437), we perceive nothing expressed or implied in the statutory scheme,[2] or in any statutory or constitutional right of the defendant, which would require as a matter of law the attendance of a public prosecutor at all bail proceedings. Hence, these provisions are consistent with the rationale of *Kottmeier* and our interpretation of Government Code section 26500, prohibiting adoption of the municipal court rule at issue.

---

[2]The provisions of the Penal Code relative to bail are applicable to cases triable in inferior courts. (§ 1458.)

3.    Diversion Eligibility Hearings

A number of diversion programs are established by law.  (E.g., §§ 1000 [narcotics and drug abuse]; 1000.6 [domestic violence]; 1001, 1001.50 [misdemeanor pre-trial].)  A diversion program refers to the procedure of postponing prosecution of a misdemeanor offense either temporarily or permanently.  (§§ 1001.1; 1001.50, subd. (c).)  Even where the continuance of a misdemeanor pre-trial diversion program is subject to the approval of the district attorney, the district attorney is not authorized to determine whether a particular defendant shall be diverted.  (§§ 1001.2, subd. (b); 1001.50, subd. (b).)

In some cases, the district attorney is required to determine, in accordance with prescribed eligibility criteria, and to file with the court a declaration *in writing* or state for the record the grounds upon which the defendant is found to be eligible or not, and to make that information available to the defendant.  (§§ 1000, subd. (b); 1000.6, subd. (b).)  In all cases, it is the responsibility of the probation department to investigate and report its findings and recommendations to the court.  (§§ 1000.1, subd. (b); 1000.7, subd. (b); 1001.52, subd. (a).)  The court is required to hold a hearing and, after consideration of the probation report and "any other" relevant information, determine whether the defendant should be diverted.  (§§ 1000.2; 1000.8; 1001.53.)  Upon satisfactory completion of the program, the charges are dismissed (§§ 1000.3; 1000.9; 1001.7), and the arrest is deemed not to have occurred (§§ 1001.9; 1001.55).

We perceive nothing expressed or implied in this statutory scheme, or in any statutory or constitutional right of the defendant, which would require as a matter of law the attendance of a public prosecutor at all diversion hearings.  Again, therefore, these provisions are in agreement with the views expressed in *Kottmeier* and our interpretation of Government Code section 26500.

It is emphasized in this regard that we are not concerned for purposes of this opinion with a serious felony trial referred to in *Kottmeier* or with the circumstances of a particular case, but with a local court rule compelling the attendance of a prosecutor at *all* arraignment, bail, and diversion proceedings.  Manifestly, such a court rule would supersede the discretion of the district attorney respecting the distribution of limited personnel resources (cf. *Taliaferro v. Locke* (1960) 182 Cal.App.2d 752, 756), conceivably impairing attendance at other critical proceedings including serious felony trials (*People ex rel Kottmeier v. Municipal Court, supra,* 220 Cal.App.3d at 611).

It is, of course, well settled that once the jurisdiction of a court has been properly invoked by the filing of a criminal charge, the *disposition* of that charge becomes a judicial responsibility and subject to the supervision of the court.  (*People v. Superior Court (Greer)* (1977) 19 Cal.3d 255, 265.)  Further, every court has the power to control, in the furtherance of justice, the *conduct* of all persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.  (Code Civ. Proc., § 128, subd. (a)(5).)

Clearly, however, this judicial power is not without limitation (*Hays v. Superior Court* (1940) 16 Cal.2d 260, 264), and would not extend, for example, to an order compelling a prosecutor to appear in all cases of a particular kind.  As stated in *People ex rel Kottmeier v. Municipal Court, supra*, 220 Cal.App.3d at 610:

> "While a court unquestionably has the power to enforce an attorney's duty to appear where a commitment to do so has been made (see *In re Stanley* (1981) 114 Cal.App.3d 588, 591), the remedy is less certain where the district attorney simply declines to personally appear in a class of cases.  Thus, we think the judgment by the superior court, which forbade any attempt to compel the attendance of a deputy district attorney, was correct."

Hence, the court in *Kottmeier* found no authority for a court rule compelling attendance by a deputy district attorney at infraction hearings and therefore enjoined the rule's enforcement, either directly (by contempt citation) or indirectly (by dismissal of cases where no prosecutor was present). In the present context, we find no such authority, and reach a similar result based upon the *Kottmeier* analysis and the statutory discretion of public prosecutors to conduct prosecutions. Simply put, the proposed rule goes too far in allocating prosecutorial resources where a district attorney might reasonably consider that his or her staff is "understaffed and overworked." (*People ex rel. Kottmeier v. Municipal Court, supra*, 220 Cal.App.3d at 611.) It does not reflect the court and district attorney's "joint interest in both the smooth functioning of the system and the goal of achieving justice." (*Ibid*.; fn. omitted.)

It is concluded that a municipal court rule may not require the attendance of a deputy district attorney at all arraignment proceedings, applications for bail, and hearings on diversion eligibility.

\* \* \* \* \*