[No. 14760.   In Bank.—November 8, 1893.]

WILLIAM BOYNE, APPELLANT, *v.* T. D. RYAN, RESPONDENT.

COUNTY GOVERNMENT ACT—ACTION FOR MONEY ILLEGALLY PAID—DISCRETION OF DISTRICT ATTORNEY—MANDAMUS.—Under section 8 of the County Government Act, which empowers the district attorney of a county and makes it his duty to institute suit in the name of the county against any person or persons to whom money has been actually paid under order of the board of supervisors without authority of law, to recover the money so paid and damages for its use, the district attorney is vested with a discretion in determining whether or not, in a particular instance, he should bring an action under that section, which a court cannot control by *mandamus.*

ID.—FRUITLESS ACTION OF COURT—NO POWER TO SUPERVISE ACTION OF DISTRICT ATTORNEY.—A court will not do a vain or fruitless thing, or undertake by *mandamus* what cannot be accomplished; and to compel a district attorney against his will and contrary to his judgment merely to commence an action would be an idle thing, in the absence of power to compel him to prosecute it properly to final determination.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*Johnson, Johnson & Johnson,* for Appellant.

*H. L. Buckley,* and *A. J. & Elwood Bruner,* for Respondent.

McFARLAND, J.—This is an appeal by petitioner from a judgment for respondent in a proceeding to obtain a writ of mandate. The petition avers that petitioner is a citizen, taxpayer, and resident of Sacramento county; that respondent is district attorney of said county; that McClatchy & Co., proprietors of the *Bee* newspaper, pre-

sented a claim of $1,567 to the board of supervisors of said county for advertising the delinquent list, which the board considered and allowed for the sum of $1,317, and the same was paid to said McClatchy & Co.; and that the same was allowed and ordered paid by said board without authority of law.  It is averred that the allowance was without authority of law, because the said claim was not properly itemized; because it was not properly verified; because there was no contract made with McClatchy & Co. for the advertising after a publication inviting bids therefor; and because the amount allowed was too large.  It is then averred that the respondent knew of these facts; that he was requested by petitioner and other taxpayers to institute a suit against McClatchy & Co. to recover said money paid to them as aforesaid; and that he refuses to do so. The prayer is that respondent be commanded by mandate to institute such suit.  The court below sustained a general demurrer to the petition; and, petitioner declining to amend, judgment went for respondent.

We think that the judgment of the superior court was right.  The proceeding is founded on section 8 of the County Government Act, Laws of 1891, p. 296, which, so far as material here, is as follows: " Hereafter, when any board of supervisors shall without authority of law order any money paid as a salary, fees, or any other purposes, and such money shall have been actually paid . . . . the district attorney of such county is hereby empowered, and it is hereby made his duty, to institute suit, in the name of the county, against such person or persons, to recover the money so paid, and twenty per cent damages for the use thereof."

As the expense of the publication of the delinquent list is a charge against the county, and as the board of supervisors are given the power to examine, settle, and allow accounts chargeable against the county, it is, perhaps, questionable if the averments of the petition show that the allowance of the claim of McClatchy & Co. was "without authority of law," within the meaning

of said section 8. But, waiving that point, we think that the district attorney in determining whether or not, in any particular instance, he should bring an action under said section, is vested with a discretion which a court cannot control by *mandamus.* Of course if in a clear case he should willfully, corruptly, or inexcusably refuse to perform his duty in the premises, he could be proceeded against for malfeasance or nonfeasance in office. There are, also, other remedies for the protection of the public treasury; as, for instance, the supervisors are personally liable for the allowance of illegal claims.

Moreover, a court will not do a vain or fruitless thing, or undertake by *mandamus* what cannot be accomplished. As was said by Chancellor Kent, *Trustees etc.* v. *Nicoll,* 3 Johns. 598: "It has hitherto been considered as a settled principle that a court will not undertake to exercise power but when they exercise it to some purpose." Now it is not contended that the language of section 8 goes any farther than to declare it to be the duty of the district attorney "to institute suit." But to compel a district attorney, against his will and contrary to his judgment, to merely *commence* an action would be an idle thing in the absence of power to compel him to prosecute it to final determination; and such power is not contended for by appellant. And, indeed, there could be no practicable exercise of such power. The court granting the writ of mandate could not follow the district attorney through the case, and see to it that he filed proper pleadings, offered sufficient evidence, made necessary objections to evidence offered by the defendant, used proper arguments and authorities in discussing questions raised before the court or jury, and conducted the trial with reasonable care and diligence.

The judgment is affirmed.

DE HAVEN, J., HARRISON, J., GAROUTTE, J., PATERSON, J., and FITZGERALD, J., concurred.