[L. A. No. 21704.   In Bank.   Feb. 2, 1951.]

BOARD OF SUPERVISORS OF THE COUNTY OF LOS ANGELES, Petitioner, v. W. E. SIMPSON, as District Attorney, etc., Respondent.

672

Harold W. Kennedy, County Counsel, Gerald G. Kelly, Assistant County Counsel, Milnor E. Gleaves and Arvo Van Alstyne, Deputy County Counsel, for Petitioner.

W. E. Simpson, District Attorney, in pro. per., and Jere J. Sullivan, Deputy District Attorney, for Respondent.

CARTER, J.—In this mandamus proceeding, petitioner, the Board of Supervisors of Los Angeles County, seeks to require respondent, district attorney of that county, to institute proceedings for the abatement of a certain public nuisance as directed by petitioner.

The undisputed petition shows that petitioner has been presented with facts and has determined that a certain building situated in Los Angeles County is being used for "lewdness, assignation and prostitution." It directed respondent to commence an action to abate the nuisance, but respondent refused to act asserting that the duty of bringing the action rested on the county counsel rather than the district attorney. Places used as described are declared to be public nuisances and abatable by action by the district attorney in the name of the People (Stats. 1913, p. 20, §§ 1-3), by the statute known as the Red Light Abatement Act.

The Los Angeles County charter invests the county counsel with the duty of representing all county officers in all matters pertaining to their duties and with "exclusive charge and control of all civil actions and proceedings in which the county or any officer thereof, is concerned or is a party." (Los Angeles County Charter, § 21; Stats. 1913, p. 1484.) It has been held that an action or proceeding by a public authority to abate a public nuisance is civil in nature. (*People* v. *Macy*, 43 Cal.App. 479, 482 [184 P. 1008]; *People* v. *Arcega*, 49 Cal.App. 233 [193 P. 268]; see Code Civ. Proc., § 731; Stats., 1913, p. 20.) This lends some support to the view that it is the duty of the county counsel to prosecute actions to abate nuisances. There are, however, other factors of more persuasive significance which compel the conclusion that the duty rests upon the district attorney.

The charter provides that each county officer shall have the powers and perform the duties now or hereafter prescribed by general law and by the charter (§ 25). The district attorney and county counsel are named as county officers (§ 21). The statute (Red Light Abatement Act) expressly and particularly imposes upon district attorneys the duty of maintaining actions in equity to abate houses of prostitution. (Stats., 1913, p. 20, §§ 2, 3.) "A civil action may be brought in the name of the people of the State of California to abate a public nuisance . . . by the *district attorney* of any county in which such nuisance exists . . . and such district attorney . . . of any county . . . in which such nuisance exists *must* bring such action whenever directed by the board of supervisors of such county . . ." (Emphasis added.) (Code Civ. Proc., § 731.) (See, also, Gov. Code, § 26528.) Thus the particular duty with respect to abatement of public nuisances is that of the district attorney. That is a factor with some significance as a particular statutory provision should prevail over a general one. (Civ. Code, § 3534; Code Civ. Proc., § 1859; *Division of Labor Law Enforcement* v. *Moroney,* 28 Cal.2d 344 [170 P.2d 3].)

██ Under the general law, in any county with a population of over 60,000, the board of supervisors may, except in one with a charter providing that the district attorney is attorney for one or more county officers, appoint a county counsel. (Gov. Code, § 27640.) Los Angeles County does not fall within that exception as seen from its charter, *supra,* under which the county counsel represents county officers. When the board appoints a county counsel pursuant to *this chapter* (Gov. Code, title 3, div. 1, pt. 3, ch. 12) he "shall discharge all the duties vested by law in the district attorney other than those of a public prosecutor." (Gov. Code, § 27642.) That section and section 27640 were new in 1941, being then added as section 4041.12a to the Political Code. (Stats. 1941, ch. 618, § 2.) Another section provides that in counties having a county counsel appointed pursuant to the same chapter 12, he shall discharge all the civil duties vested in the district attorney. (Gov. Code, § 26529.) Apparently the county counsel of Los Angeles County is appointed pursuant to its charter which has provided for such office since its adoption in 1913, rather than the Political Code and its successor, the Government Code. That being true, the pro-

visions of the Government Code relating to county counsel would not apply to the situation where the office of county counsel is established by charter in the manner here appearing. It is true the charter gives to the county counsel the powers and duties provided by general law, but the provisions of the Government Code with reference to county counsel are not general in the sense that they apply to all county counsel however they hold office. They apply only to county counsel appointed thereunder. Thus it follows that the county counsel here does not have the powers and duties of a district attorney except as they are given by section 22 of the charter. On the other hand, the district attorney has all the powers and duties conferred by the laws of the state, except as limited by the provisions of the charter.

■■■ Even if it be assumed that the provisions of the Government Code on county counsel apply to the Los Angeles county counsel, still properly construed, the duty rests upon the district attorney. The abatement of places under the Red Light Abatement Act is more appropriately the duty of the district attorney since it is compatible with his duties as public prosecutor. It will be remembered that the proceeding is prosecuted in the name of the People of the state, as are criminal prosecutions, which indicates that the county as such is not as much concerned as the People of the state. The Government Code, in speaking of the duties of the district attorney, states that he is "the public prosecutor and must conduct on behalf of the people all prosecutions for public offenses and prosecute actions for the recovery of fines, penalties, and forfeitures" accruing to the state or his county. (Gov. Code, §§ 26500-26502, 26521.) Proceedings under the Red Light Abatement Act are somewhat in the nature of actions to recover penalties or forfeitures, for thereunder the fixtures and paraphernalia in the place abated are partially forfeited and the place may be closed to use for any purpose for a year. (Stats. 1913, p. 20, § 7.) ■■■ It is penal in nature. (See *State ex rel. Whall* v. *Saenger Theatres Corp.,* 190 Miss. 391 [200 So. 442]; *Hofferman* v. *Simmons,* 177 Misc. 962 [32 N.Y.S.2d 244].) While actions to abate nuisances are considered civil in nature (cases cited *supra*) the abatement of houses of prostitution is in aid of and auxiliary to the enforcement of the criminal law. Such places are declared public nuisances. (Stats. 1913, § 20.) Each and every day a public nuisance is maintained is a separate offense and is a misdemeanor which it is the duty of the district

attorney to prosecute by continuous prosecutions. (Pen. Code, § 373(a).) In general, any person maintaining a public nuisance is guilty of a misdemeanor. (Pen. Code, § 372.) It is aptly said in *People* v. *Barbiere,* 33 Cal.App. 770, 775 [166 P. 812] : ''The general object of the legislation involved in the said act (Red Light Abatement Act) is, it is obvious, no different from that of certain penal statutes which have been upon the pages of our lawbooks for many years. Sections 315 and 316 of the Penal Code declare it to be a misdemeanor for any person to keep or reside in a house of ill fame in this state, resorted to for purposes of prostitution or lewdness, or to keep a disorderly house, or any house for the purpose of assignation or prostitution. And the last-named section further places a ban upon the act of letting or leasing property to another, where the owner of the property knows that the same is to be used for the purpose of assignation or prostitution, and makes such act a misdemeanor.

''The abatement act is only in furtherance of the policy of the state as established by the sections of the Penal Code above adverted to, and differs in a general sense from those sections only in that, unlike those sections, its design was to establish a summary method, through the civil processes of the law, for putting a stop to the maintenance of houses of ill fame, as that designation is commonly understood, and other like places, where acts of lewdness and prostitution are habitually practiced and carried on as a business. The act, in other words, represents only the concrete application of the state's power of police, and, preferably to the courts of criminal jurisdiction, invokes the aid of the civil courts as the most certain instrumentality for the suppression of an evil which has been by the legislature deemed of so pernicious a nature, in its effect upon society, as to have actuated that body in denouncing its practice as a public crime.'' (*People* v. *Barbiere,* 33 Cal.App. 770, 775 [166 P. 812].) ▮ Hence we think that section 27642 of the Government Code reserving to district attorneys the duties of public prosecutor should embrace the abatement of such nuisances.

It follows from the foregoing factors that it is the duty of the district attorney rather than the county counsel to prosecute actions for abatement of houses of prostitution.

▮ That mandamus is the proper remedy is clear. As pointed out above, the district attorney *must* or *shall* bring an action to abate a public nuisance when so directed by the board of supervisors. (Code Civ. Proc., § 731, *supra;* Gov.

Code, § 26528.) "Shall" is mandatory (Gov. Code, § 14), and certainly "must" is also. The writ of mandamus issues ". . . to compel the performance of an act which the law specially enjoins, as a duty resulting from an office . . ." (Code Civ. Proc., § 1085.) The statutes (Code Civ. Proc., § 731; Gov. Code, § 26528) specifically "enjoin" upon the district attorney "as a duty resulting from (his) office" the bringing of actions to abate public nuisances when directed by the board of supervisors. It may well be that where he is not directed by the board he has some discretion in the matter (Code Civ. Proc., § 731; Stats., 1913, p. 20, § 3), but plainly there is none where he is so directed. Moreover, in this case he refuses to exercise any discretion he might have as his failure to act is based solely upon his claim that the duty rests upon the county counsel; thus mandamus would be proper. (See *Hollman* v. *Warren*, 32 Cal.2d 351 [196 P.2d 562].)

Ordinarily a district attorney cannot be compelled by mandamus to prosecute a criminal case (see *Boyne* v. *Ryan*, 100 Cal. 265 [34 P. 707]; 55 C.J.S., Mandamus, § 69(f)) but here the mandatory duty to prosecute is imposed upon him and the statute leaves him no discretion to exercise. In *Boyne* v. *Ryan, supra,* the court seemed to feel that mandamus would not lie because the court could not supervise the many ramifications of the prosecution of the action. In the instant case, however, the district attorney is not refusing to prosecute the action for any reason other than his view that he has no authority under the law. Under these circumstances we may presume he will diligently prosecute once he has commenced the action. (See Code Civ. Proc., § 1963(15).)

It is ordered that a peremptory writ of mandamus issue as prayed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., Schauer, J., and Spence, J., concurred.