[Civ. No. 18932.    First Dist., Div. Two.    July 18, 1960.]

EUGENE A. TALIAFERRO, Appellant, v. WILSON LOCKE, as Judge of the Municipal Court, etc., et al., Respondents.

Eugene A. Taliaferro, in pro. per., for Appellant.

John A. Nejedly, District Attorney, and Charles L. Hemmings, Deputy District Attorney, for Respondents.

GOOD, J. pro tem.*—This appeal is from a judgment dismissing a second amended petition for a writ of mandate after demurrers sustained without leave to amend. The petition is in five separate counts and was directed against Wilson Locke,

---

*Assigned by Chairman of Judicial Council.

Judge of the Municipal Court of the San Pablo Judicial District, John A. Nejedly, District Attorney of Contra Costa County, and his deputy, William Higham. The first count alleged that a public nuisance had been committed by named persons in and about residential properties of petitioner in San Pablo by their continued accumulation of garbage, refuse and rubbish in the immediate proximity of said properties; that an unhealthy, filthy and offensive condition was thereby created and also constituted a fire hazard in violation of fire and health ordinances; that petitioner presented these facts to Judge Locke, who had jurisdiction in the premises, and demanded issuance of a misdemeanor warrant; that said judge refused to issue warrants and ordered him to see the district attorney; that the district attorney's office refused to take action or to prosecute; mandate against both offices was requested. The second count, directed solely against the district attorney, alleged that petitioner's former wife had committed perjury in the filing of certain affidavits in a civil action involving title to real property in dispute between them; that the facts had been called to the attention of the district attorney but he failed to perform his duty and refused to prosecute. The third count alleged that he had called the attention of the district attorney and Richmond police chief to facts showing the commission of forgery by unnamed persons and also that a perjured and false affidavit had been made in the city of Richmond but they refused to prosecute the forgery or otherwise perform their official duty. The fourth count alleged that Judge Locke had admitted publicly and privately that he was biased and prejudiced against petitioner and, therefore, was disqualified from hearing any matters involving petitioner but nevertheless continues to act in such matters; mandate to cease and desist therefrom is sought. The fifth count alleged that petitioner presented facts to the district attorney showing that a judge of the superior court of the State of California, made false affidavits for the purpose of collecting judicial salary for work while on assignment in Contra Costa County and the district attorney and his office failed to investigate or prosecute the matter; mandate is prayed.

There are two substantive questions presented. ██ *First*: Does a judge of an inferior court have discretion to refuse to issue a warrant for arrest when a complaint is presented to him?

An affirmative answer is indicated for the following reasons.

Section 1427 of the Penal Code[1] contains the express condition that the judge to whom the complaint is presented be *satisfied therefrom* that the offense complained of has been committed before issuing a warrant for arrest. While no cases directly in point have been cited by either party or discovered by us, the discretionary nature of the official duty as implied by the italicized condition appears to have been recognized in *People v. Barnhart,* 37 Cal.App.2d Supp. 748 [94 P.2d 411], and *In re Roth,* 3 Cal.App.2d 226 [39 P.2d 490]. Also in *Kerr* v. *Superior Court,* 130 Cal. 183 [62 P. 479], it was said ". . . and, as to magistrates, no one would claim that they could be compelled by *mandamus* to issue warrants of arrest . . ." High's Extraordinary Legal Remedies, section 257, and *United States* v. *Lawrence,* 3 Dall (U.S.) 42 [1 L.Ed. 502] are cited. ▆▆▆ It is only where a court has refused to perform a clear duty, unmixed with discretionary power or the exercise of judgment that mandamus will issue (*De Forrest* v. *Coffey,* 154 Cal. 444 [98 P. 27] ; *Bender* v. *Hutton,* 160 Cal. 372 [117 P. 322]) ; it is the duty of the petitioner to show that the duty sought to be enforced does not involve judgment or discretion. (*Tomkin* v. *Harris,* 90 Cal. 202 [27 P. 202].) As was held in *United States* v. *Lawrence, supra,* a district judge in refusing to issue a warrant was acting in a judicial capacity. We have had recent occasion in a converse situation to hold that where a judge issued a warrant where jurisdiction was a doubtful question a judicial function was involved and that if the question was erroneously resolved the judge was nevertheless entitled to judicial immunity. (*Taliaferro* v. *County of Contra Costa, No. 18787, ante,* p. 587 [6 Cal.Rptr. 231].) As to the first count, insofar as concerns the judicial district judge, the order sustaining the demurrer without leave to amend was correct.

▆▆▆ *Second:* Will mandamus lie to compel a district attorney to prosecute every charge of crime that may be made by individuals desiring the prosecution of third persons?

A negative answer is indicated for the following reasons: ▆▆▆ As concerns the enforcement of the criminal law the office of district attorney is charged with grave responsibilities to the public. These responsibilities demand integrity, zeal and

---

[1] § 1427: "When a complaint is presented to a judge of an inferior court of the commission of a public offense appearing to be triable in his court, he must, *if satisfied therefrom* that the offense complained of has been committed and that there is reasonable ground to believe that the defendant has committed it, issue a warrant, for the arrest of the defendant." [Italics supplied.]

conscientious effort in the administration of justice under the criminal law. However, both as to investigation and prosecution that effort is subject to the budgetary control of boards of supervisors or other legislative bodies controlling the number of deputies, investigators and other employees. ▪▪▪ Nothing could be more demoralizing to that effort or to efficient administration of the criminal law in our system of justice than requiring a district attorney's office to dissipate its effort on personal grievance, fanciful charges and idle prosecution.

The statutes defining duties of the district attorney insofar as applicable to the particular charges involved in counts one, two, three and five of the petition herein are Government Code, sections 26500[2] and 26501.[3] There appear to be no California cases directly in point. The case of *Boyne* v. *Ryan*, 100 Cal. 265 [34 P. 707] is not in point because it did not concern the basic duties of a district attorney as public prosecutor and dealt only with his special duties to institute civil proceedings for the recovery of money illegally paid out by a board of supervisors. Mandamus was refused therein and the court held that the duty entailed by the statute (now Gov. Code, § 26525) was discretionary. Appellant is correct in his argument that *People* v. *Pollock*, 25 Cal.App.2d 440 [77 P.2d 885] and *People* v. *Johnson*, 13 Cal.App. 776 [110 P. 965] do not determine the question because both dealt with the conduct of the trial rather than the institution of a prosecution. ▪▪▪ In conducting a trial a prosecutor is bound only by the general rules of law and professional ethics that bind all counsel. However, appellant's contention that *Board of Supervisors* v. *Simpson*, 36 Cal.2d 671 [227 P.2d 14] controls the facts alleged herein, especially as concerns the failure to abate a nuisance, is not sound. The case held that where a mandatory duty to abate a nuisance is imposed upon a district attorney by a statute that leaves him no discretion to exercise, mandamus is properly invoked. But the case turned upon the clearly mandatory provision of the Red Light Abatement Act that a district attorney "*must* bring such action [abatement proceedings] whenever directed by the board of supervisors. . . ." The Supreme Court in discussing the matter in

---

[2] § 26500: "The district attorney is the public prosecutor. He shall attend the courts, and conduct on behalf of the people all prosecutions for public offenses."

[3] § 26501: "The district attorney shall institute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of public offenses when he has information that such offenses have been committed. . . ."

dicta stated: ''Ordinarily a district attorney cannot be compelled by mandamus to prosecute a criminal case. . . .'' The decision, however, turned upon the proposition that the petition clearly showed that under the circumstances the statute left the district attorney no discretion to exercise in instituting the abatement proceeding.

In *Pearson* v. *Reed,* 6 Cal.App.2d 277 [44 P.2d 592], dealing with a prosecutor's immunity from civil liability, it was held that the district attorney's function in instituting prosecutions was *quasi*-judicial in nature and that his authority to investigate the facts before acting is unlimited and the matter rests in his own discretion. The question involved herein has been determined in other jurisdictions in accordance with the recognition of the discretionary nature of the particular function that is implied in the cases above cited. (55 C.J.S., Mandamus, § 69; *Ackerman* v. *Houston,* 45 Ariz. 293 [43 P.2d 194]; *Brack* v. *Wells,* 184 Md. 86 [40 A.2d 319, 156 A.L.R. 324].) ██ It should also be noted that although Government Code section 26501 uses the sometimes mandatory ''shall'' in defining the district attorney's duty to institute proceedings, the use is qualified by the ensuing clauses that imply that he, the district attorney, reasonably suspects a person charged with crime and has information to cause him to believe that an offense has been committed. ██ In view of the foregoing, it is our opinion that insofar as the charges involved in the petition herein are concerned, the matters of investigation and prosecution were matters in which the district attorney is vested with discretionary power as to which mandamus will not lie.

██ There remains the fourth cause of action involving the alleged expressions of bias and prejudice against petitioner made by Judge Locke and the prayer that mandamus issue requiring him to cease and desist from acting in any matters pertaining to petitioner. Appellant relies upon section 170, subdivision 5, of the Code of Civil Procedure but the allegations of the twice amended complaint do no more than set forth a mere general conclusion on the part of petitioner without pleading any specific facts to show a justiciable controversy under section 170, subdivision 5, or any other section of any code. The petition is devoid of any allegations of facts that under the third paragraph of section 170, subdivision 5, would require or support any writ or order by the superior court. By its own terms, the section applies to and can be invoked only in specific litigation pending in a particular court wherein a

party believes he cannot have a fair and impartial trial with the judge before whom the action is pending.

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.