[Civ. No. 18944. First Dist., Div. Two. Dec. 7, 1960.]

EUGENE A. TALIAFERRO, Appellant, v. CITY OF SAN PABLO et al., Respondents.

Eugene A. Taliaferro, in pro. per., for Appellant.

John A. Nejedly, District Attorney, and Charles L. Hemmings, Chief Civil Deputy District Attorney, for Respondents.

154

DRAPER, J.—Plaintiff appeals from judgment in favor of defendant district attorney after sustaining of the latter's demurrer to the fourth amended complaint without leave to amend.

The complaint is in ten counts. It charges that electrical and plumbing contractors and unions have unlawfully combined to restrain trade so as to restrict plaintiff from directly employing journeymen to make repairs upon apartment houses owned by him, and seeks injunction and double damages under the Cartwright Act. It also seeks to enjoin enforcement of the building code ordinance of the city of San Pablo, and to compel issuance of a building permit to plaintiff for performance of repairs upon his apartment buildings. The ninth cause of action is the only one here involved. It incorporates the other allegations as to violation of the Cartwright Act, alleges that plaintiff has notified defendant district attorney of such facts, and seeks mandamus to compel him to institute proceedings to enforce the Cartwright Act as against the other defendants.

Plaintiff does not specify the action he desires the district attorney to take. The Business and Professions Code provides for several types of proceeding by a district attorney under the act: dissolution of the corporation or association involved (§ 16752) ; civil forfeiture (§ 16754), or prosecution for penal offenses (§ 16755). Explicit in two of these provisions and implicit in the third is the requirement that there be in fact a violation of the Cartwright Act to authorize prosecution.

 In general, mandamus will not lie to compel a district attorney to prosecute every charge of crime made to him (*Taliaferro* v. *Locke*, 182 Cal.App.2d 752 [6 Cal.Rptr. 813]). As there pointed out, it would frustrate the true purposes of law enforcement to require the district attorney to dissipate his efforts on "personal grievance, fanciful charges and idle prosecution" (p. 756), a view particularly applicable here in light of this plaintiff's penchant for litigation, in much of which his lack of success is notable (see applicable appellate cases collected in 27 McKinney New California Digest Supplement, p. 364; 48 West's California Digest, pocket part, p. 78). The district attorney must be vested with discretionary power in investigation and prosecution of such charges. (See also *Boyne* v. *Ryan*, 100 Cal. 265, 267 [34 P. 707] ; *People* v. *Pollock*, 25 Cal.App.2d 440, 444 [77 P.2d 885] ; *People* v. *Johnson*, 13 Cal.App. 776, 780 [110 P. 965].) Of course, when a statute clearly makes prosecution mandatory, as upon direc-

tion of the board of supervisors to proceed under the Red Light Abatement Act, the district attorney can be compelled to act (*Board of Supervisors* v. *Simpson,* 36 Cal.2d 671 [227 P.2d 14]). But no such intent appears in the statute before us.
▇ Here plaintiff already is exercising his civil remedy (Bus. & Prof. Code, § 16750). While such an action would not bar prosecution by the district attorney, it by no means follows that plaintiff can compel that official to aid him in his own litigation.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.