[Civ. No. 24881.  First Dist., Div. One.  June 5, 1969.]

STANFORD W. ASCHERMAN, Plaintiff and Appellant, v. BRUCE BALES, as District Attorney, etc., Defendant and Respondent.

Gonick, Schmid & Bernstein  and Louis M. Bernstein for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Louise H. Renne, Deputy Attorneys General, for Defendant and Respondent.

MOLINARI, P. J.—This is an appeal from a minute order denying plaintiff's motion for a peremptory writ of mandate to compel the District Attorney of Marin County to initiate and prosecute a charge of perjury against Vivian Schandelmeier. The basis of the instant petition is the uncontradicted verified allegation that Schandelmeier gave perjured testimony in an administrative proceeding involving the application of plaintiff, a physician and surgeon licensed to practice in California, for admission to the medical staff of Marin General Hospital.

■ Although this allegation must be taken as admitted because it was not denied by respondent (*Ertman* v. *Municipal Court*, 68 Cal.App.2d 143, 149 [155 P.2d 908, 156 P.2d 940]), we are constrained to hold that there is no merit to petitioner's contention that the failure of the district attorney to prosecute, although requested by plaintiff to do so, was an abuse of discretion which may be remedied by writ of mandate. ■ It is well established that, except where a statute clearly makes prosecution mandatory, a district attorney is vested with discretionary power in the investigation and prosecution of charges and a court cannot control this discretionary power by mandamus. (*Board of Supervisors* v. *Simpson*, 36 Cal.2d 671, 675-676 [227 P.2d 14]; *Boyne* v. *Ryan*, 100 Cal. 265, 267 [34 P. 707]; *Taliaferro* v. *Locke*, 182 Cal.App.2d 752, 755-757 [6 Cal.Rptr. 813]; *Taliaferro* v. *City of San Pablo*, 187 Cal.App.2d 153, 154 [9 Cal.Rptr. 445]; *City of Campbell* v. *Mosk*, 197 Cal.App.2d 640, 647 [17 Cal. Rptr. 584]; *Pearson* v. *Reed*, 6 Cal.App.2d 277, 286 [44 P.2d 592].)[1]

In the instant case, the charges involved concern matters of investigation and prosecution in which the district attorney is vested with discretionary power. ■ Government Code section 26501 provides that "The district attorney shall institute proceedings before magistrates for the arrest of persons charged with or reasonably suspected of public offenses when he has information that such offenses have been committed. . . ." Although this statute uses the word "shall," the ensuing clause implies that the duty entailed by the statute is discretionary. (*Taliaferro* v. *Locke, supra,* 182 Cal.App.2d 752, 757.) Accordingly, it was held in *Locke* that mandamus will not lie to compel the district attorney to prosecute every charge of crime that might be made by an individual desiring the prosecution of third persons. (P. 755.)

---

[1]See also 32 Cal.Jur.2d, Mandamus, section 13; Annotation, 155 A.L.R. 10, 10-11.

In *Boyne, supra,* the Supreme Court observed that where there is a clear case that the district attorney has wilfully, corruptly, or inexcusably refused to perform his duty, the proper remedy is to proceed against him for malfeasance or nonfeasance in office. (100 Cal. at p. 267.)[2]

The order is affirmed.

Sims, J., and Elkington, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 30, 1969.

---

[2]In the present case petitioner alleges upon information and belief that the failure to institute the requested prosecution ''was motivated by political considerations and a desire to spare embarrassment to the Directors of the Marin Hospital District, . . .''