Opinion
 

 PUGLIA, P. J.
 

 I
 

 Government Code section 3063 specifies the procedure to be followed after the grand jury has found an accusation: “The district attorney shall have a copy of the accusation served upon the defendant, and by notice in writing shall require the accused to appear before the superior court of the county, at a time stated in the notice, and answer the accusation. Appearance shall not be required in less than 10 days from the service of the notice. After service, the original accusation shall be filed with the clerk of the court.”
 

 
 *887
 
 The question in this appeal is whether Government Code section 3063 imposes mandatory duties on the district attorney or whether, instead, the district attorney has discretion to refuse to comply and thereby effectively abort the prosecution of an accusation found by the grand jury against a public officer. The superior court denied a petition for writ of mandate to compel the district attorney to comply with Government Code section 3063. We conclude the district attorney’s duty to comply with Government Code section 3063, thus commencing prosecution of an accusation found by the grand jury, is mandatory. Accordingly, we reverse.
 

 On August 25, 1995, plaintiff, a resident of El Dorado County, petitioned the superior court for a writ of mandate to compel the District Attorney of El Dorado County (defendant) to perform the duties with which he is charged in Government Code section 3063 (further statutory references to sections of an undesignated code are to the Government Code). The petition alleges that on July 18, 1995, the El Dorado County Grand Jury “conducted an investigation and filed with the El Dorado County Superior Court a report identifying an accusation for the removal of an elected official from office.” The accusation was delivered to defendant but defendant “has . . . ignored [it].” The petition seeks a writ commanding defendant “to serve and prosecute the accusation” and requests attorney fees pursuant to Code of Civil Procedure section 1021.5.
 
 [1]
 

 Defendant filed opposition to the petition, acknowledging his receipt of the accusation and refusal to prosecute, and contending he has discretion to decline to prosecute. Defendant does not contend the accusation is void on its face.
 

 In its decision denying the petition, the superior court concluded the Legislature did not intend “to vest the District Attorney with discretion to refuse to file a legally sufficient accusation, . . .” Nevertheless, the court reasoned it “is without authority to require the district attorney to proceed with the prosecution[,]” and therefore compelling him to
 
 commence
 
 the prosecution would be an “ ‘idle act’.”
 

 II
 

 “The California grand jury has three basic functions: to weigh criminal charges and determine whether indictments should be returned
 
 *888
 
 ([Pen. Code,] § 917); to weigh allegations of misconduct against public officials and determine whether to present formal accusations requesting their removal from office ([Pen. Code,] § 922; see . . . [Gov. Code,] § 3060 et seq.); and to act as the public’s ‘watchdog’ by investigating and reporting upon the affairs of local government (e.g., [Pen. Code,] §§919, 925 et seq.).”
 
 (McClatchy Newspapers
 
 v.
 
 Superior Court
 
 (1988) 44 Cal.3d 1162, 1170 [245 Cal.Rptr. 774, 751 P.2d 1329].)
 

 Section 3060 empowers the grand jury to present “[a]n accusation in writing against any officer of a district, county, or city, including any member of the governing board or personnel commission of a school district or any humane officer, for willful or corrupt misconduct in office . . . .” Thereafter, the accusation is to be delivered by the foreman of the grand jury to the district attorney (§ 3062) who “shall” serve a copy on the accused; “shall” by written notice require the accused to appear in court at a specified time to answer the accusation; and “shall” file the accusation with the clerk of the superior court. (§ 3063 .)
 
 [2]
 
 If the accused denies the accusation, it “shall” be tried by a jury “in all respects in the same manner as the trial of an indictment.” (§ 3070.) Upon conviction, the court “shall” pronounce judgment of removal from office. (§ 3072.)
 

 Plaintiff contends section 3063 is mandatory and therefore, once an accusation has been delivered to the district attorney, he must serve the accused and file the accusation with the superior court, thereby commencing prosecution. Defendant argues the duties enumerated in section 3063 do not arise unless and until the district attorney, in his discretion, has determined prosecution is appropriate. According to defendant, the district attorney has discretion to refuse to prosecute an accusation which, for example, has not been concurred in by at least 12 grand jurors (§ 3060), is based on inadmissible or insufficient evidence (see §§ 3065, 3066), is barred by the statute of limitations (§ 3074), or accuses a public official who is not subject to section 3060.
 
 [3]
 
 Defendant further argues that if the Legislature had not intended the district attorney to exercise discretion whether to prosecute an accusation, it “would have enabled the grand jury [as it has with indictments] to file the accusation directly with the court for a mandatory prosecution.”
 

 
 *889
 
 “Whether a particular statute is intended to impose a mandatory duty is a question of interpretation for the courts. [Citations.]”
 
 (Nunn
 
 v.
 
 State of California
 
 (1984) 35 Cal.3d 616, 624 [200 Cal.Rptr. 440, 677 P.2d 846].) “[Statutes must be given a reasonable construction that conforms to the apparent purpose and intention of the law makers . . . , and the various parts of the statutory enactment must be harmonized by considering the particular clause in the context of the whole statute.”
 
 (Nunn
 
 v.
 
 State of California, supra,
 
 35 Cal.3d at pp. 624-625, citations omitted.) In matters of statutory construction, our fundamental concern is legislative intent.
 
 (Brown
 
 v.
 
 Kelly Broadcasting Co.
 
 (1989) 48 Cal.3d 711, 724 [257 CaLRptr. 708, 771 P.2d 406].)
 

 In the Government Code, “[u]nless the provision or the context otherwise requires” (§5), “‘[s]hall' is mandatory and ‘may’ is permissive” (§14). Ordinary deference to the Legislature requires that when a statute uses a term defined as a word of art the term be given its legislatively defined meaning. However, this is not always true of the word “shall.” (See
 
 Governing Board
 
 v.
 
 Felt
 
 (1976) 55 Cal.App.3d 156, 161 [127 Cal.Rptr. 381].)
 

 Although statutory language is the most important guide in determining legislative intent, “. . . there are unquestionably instances in which other factors will indicate that apparent obligatory language was not intended to foreclose a governmental entity’s or officer’s exercise of discretion. [Citations.]”
 
 (Morris
 
 v.
 
 County of Marin
 
 (1977) 18 Cal.3d 901, 911, fn. 6 [136 Cal.Rptr. 251, 559 P.2d 606].)
 

 Plaintiff argues that
 
 Board of Supervisors
 
 v.
 
 Simpson
 
 (1951) 36 Cal.2d 671 [227 P.2d 14] is controlling because its facts are closely analogous to those presented here. In
 
 Simpson,
 
 the board of supervisors directed the district attorney to institute civil proceedings to abate a public nuisance. The district attorney refused, claiming the duty to initiate civil proceedings resided with the county counsel notwithstanding Code of Civil Procedure section 731 which then provided a district attorney
 
 “must”
 
 bring an action to abate a nuisance whenever directed to do so by the board of supervisors.
 
 (Simpson, supra,
 
 36 Cal.2d at p. 673.) Concluding that “must” is mandatory, the Supreme Court held mandamus is appropriate to compel the district attorney to act.
 
 (Simpson, supra,
 
 36 Cal.2d at pp. 675-676.)
 
 Simpson
 
 did not involve the issue of discretion whether or not to prosecute. The district attorney never disputed that when directed by the board, initiation of an action to abate a nuisance was mandatory. The district attorney simply contended that statutory law imposed the mandatory duty on the county counsel, not the district attorney.
 
 (Id.,
 
 at p. 672.) Thus,
 
 Simpson
 
 stands for the proposition that a prosecution, conceded to be mandatory, must be conducted by the public official specifically enjoined to do so by statute.
 

 
 *890
 
 To determine intent, we begin with the language of the statute itself.
 
 (.Brown
 
 v.
 
 Kelly Broadcasting Co., supra,
 
 48 Cal.3d at p. 724.) Section 3063 specifies what the district attorney “shall” do with respect to the accusation. Other provisions of the statute (Stats. 1943, ch. 134, p. 896 et seq.) provide that certain actions “shall” be taken and other actions “may” be taken. For example, section 3060 provides the grand jury “may” present an accusation. Section 3062 provides such accusation “shall” be delivered to the district attorney. Section 3064 provides the accused “shall” appear in court at the time stated in the notice and, if he does not appear, the court “may” proceed in his absence. Section 3067 provides that if the accused denies the accusation, such denial “may” be oral and without oath but “shall” be entered upon the minutes of the court.
 

 “It is a well-settled principle of statutory construction that the word ‘may’ is ordinarily construed as permissive, whereas ‘shall’ is ordinarily construed as mandatory,
 
 particularly when both terms are used in the same statute.
 
 [Citations.]”
 
 (Common Cause
 
 v.
 
 Board of Supervisors
 
 (1989) 49 Cal.3d 432, 443 [261 Cal.Rptr. 574, 777 P.2d 610], italics added.)
 

 III
 

 The district attorney has broad discretion whether to commence prosecution for criminal offenses.
 
 (People
 
 v.
 
 Adams
 
 (1974) 43 Cal.App.3d 697, 707 [117 Cal.Rptr. 905];
 
 People
 
 v.
 
 Municipal Court
 
 (1972) 27 Cal.App.3d 193, 203-204 [103 Cal.Rptr. 645, 66 A.L.R.3d 717]; § 26500.) However, prosecution of an accusation under section 3060 et seq. is not a criminal proceeding.
 
 (In re Reid
 
 (1920) 182 Cal. 88, 89 [187 P. 7];
 
 People
 
 v.
 
 Hulburt
 
 (1977) 75 Cal.App.3d 404, 408 [142 Cal.Rptr. 190].) “[Such prosecutions] are unlike felony criminal proceedings in that they protect a different public interest . . . and do not subject the accused to a fine or potential loss of liberty. The primary purpose of the accusation proceeding is to provide the public with an effective means to remove unworthy and unfaithful officials during their current term of office. [Citations.]”
 
 (People
 
 v.
 
 Superior Court (Hanson)
 
 (1980) 110 Cal.App.3d 396, 400-401 [168 Cal.Rptr. 21].) Thus, prosecution of an accusation is more closely analogous to civil abatement of a nuisance
 
 (Board of Supervisors
 
 v.
 
 Simpson, supra,
 
 36 Cal.2d 671), than to a criminal prosecution.
 

 However, we do not rest our decision on the distinction between civil and criminal proceedings but on the allocation of discretion between the district attorney and the grand jury in the areas where their functions and responsibilities intersect.
 

 “[T]he district attorney, part of the executive branch, is the public prosecutor charged with conducting all prosecutions on behalf of the People.
 
 *891
 
 This function includes instituting proceedings against persons suspected of criminal offenses, and drawing up informations and indictments. (. . . §§ 26500-26502.) The discretionary decision to bring criminal charges rests
 
 exclusively
 
 in the grand jury and the district or other prosecuting attorney.”
 
 (People
 
 v.
 
 Smith
 
 (1975) 53 Cal.App.3d 655, 659 [126 Cal.Rptr. 195], original italics.)
 

 “ ‘Under the ancient English system ... the most valuable function of the grand jury was not only to examine into the commission of crimes, but to stand between the prosecutor and the accused, and to determine whether the charge was founded upon credible testimony or was dictated by malice or personal ill will.’
 
 (Hale
 
 v.
 
 Henkel
 
 (1906) 201 U.S. 43, 59 [50 L.Ed. 652, 659, 26 S.Ct. 370], quoted in
 
 Hoffman
 
 v.
 
 United States
 
 (1951) 341 U.S. 479, 485 [95 L.Ed. 1118, 1123, 71 S.Ct. 814].) [¶ The Fifth Amendment guarantee that a civilian may not be held to answer in a federal prosecution for a capital or otherwise infamous crime ‘ “unless on a presentment or indictment of a Grand Jury” ’ presupposes a grand jury ‘ “acting independently of either prosecuting attorney or judge,” whose mission is to clear the innocent, no less than to bring to trial those who may be guilty.’
 
 (United States
 
 v.
 
 Dionisio
 
 (1973) 410 U.S. 1, 16-17 [35 L.Ed.2d 67, 81, 93 S.Ct. 764]; citation omitted.) [¶ The grand jury’s ‘historic role as a protective bulwark standing solidly between the ordinary citizen and an overzealous prosecutor’
 
 (United States
 
 v.
 
 Dionisio, supra,
 
 at p. 17 [35 L.Ed.2d at p. 81]) is as well-established in California as it is in the federal system. ... ‘A grand jury should never forget that it sits as the great inquest between the State and the citizen, to make accusations only upon sufficient evidence of guilt, and to protect the citizen against unfounded accusation, whether from the government, from partisan passion, or private malice.’
 
 (In re Tyler
 
 (1884) 64 Cal. 434, 437 [1 P. 884].)”
 
 (Johnson
 
 v.
 
 Superior Court
 
 (1975) 15 Cal.3d 248, 253-254 [124 Cal.Rptr. 32, 539 P.2d 792].)
 

 The grand jury is “sworn to inquire of public offenses committed or triable within the county” (Pen. Code, § 888) and may present those offenses to the superior court by indictment (Pen. Code, § 917). A member of a grand jury who “knows, or has reason to believe, that a public offense, triable within the county has been committed, . . . may declare it to his fellow jurors, who may thereupon investigate it.” (Pen. Code, § 918.)
 

 The district attorney “may at all times appear before the grand jury for the purpose of giving information or advice relative to any matter cognizable by the grand jury, and may interrogate witnesses before the grand jury. . . .” (Pen. Code, § 935; cf. § 26501 [“The district attorney . . . shall attend before and give advice to the grand jury whenever cases are presented to it
 
 *892
 
 for its consideration.”].) The district attorney may issue subpoenas requiring the attendance of witnesses before the grand jury. (Pen. Code, § 939.2.) And if the grand jury believes there is other evidence that will explain away a charge, “it shall order the evidence to be produced, and for that purpose may require the district attorney to issue process for the witnesses.” (Pen. Code, § 939.7.) Moreover, upon request of the grand jury, any judge of the superior court may issue subpoenas for witnesses whose testimony, “in his opinion is material in an investigation before the grand jury,
 
 and for such other witnesses as the grand jury, upon an investigation pending before them
 
 [sic],
 
 may direct”
 
 (Pen. Code, § 939.2, italics added.)
 

 Funding for the grand jury’s “investigative activities” is within the control, not of the district attorney, but of the board of supervisors and the superior court (Pen. Code, § 914.5). When so requested by the grand jury, the Attorney General or the presiding judge of the superior court may employ special counsel and special investigators to investigate and present evidence to the grand jury (Pen. Code, §§ 936, 936.5). “The grand jury may, at all times, ask the advice of the court, or of the judge thereof, or of the district attorney, or of the county counsel.” (Pen. Code, § 934.)
 

 “The grand jury shall find an indictment when all the evidence before it, taken together, if unexplained or uncontradicted, would,
 
 in its judgment,
 
 warrant a conviction by a trial jury.” (Pen. Code, § 939.8, italics added.) When so found, the indictment “shall be signed by the foreman of the grand jury” (Pen. Code, § 940) and “must be presented by [the] foreman, in [the grand jury’s presence], to the court, and must be filed with the clerk” (Pen. Code, § 944). When an indictment is found against a defendant not in custody, the court will issue a bench warrant for the defendant’s apprehension. (Pen. Code, § 945.)
 

 It is apparent from the foregoing description of the grand jury’s powers with respect to public offenses that it is not the mere handmaid of the district attorney. Although the district attorney may present evidence of public offenses to the grand jury, and may advise the grand jury concerning such matters, the grand jury has the authority and the means independent of the district attorney to investigate and indict for any public offense triable within the county.
 

 The decision whether or not to indict, i.e., to initiate a criminal prosecution, resides entirely with the grand jury. Once the grand jury has voted an indictment, the process admits of no opportunity for the district attorney to intercede, and calls for the immediate presentment of the indictment directly to, and its filing with, the superior court, thereby commencing a criminal prosecution.
 

 
 *893
 
 In practice, grand juries almost exclusively confine their consideration of public offenses to those matters presented to them by the district attorney. Nevertheless, the authority of the grand jury independent of the district attorney to conduct investigations culminating in indictment cannot be gainsaid.
 
 [4]
 

 We believe the grand jury’s independent authority to investigate official misconduct and find accusations is equivalent to its independent authority to investigate public offenses and indict. The powers and duties of the grand jury with respect specifically to accusations are prescribed in section 3060 et seq. of the Government Code. (Pen. Code, § 922.) However, the provisions of part 2, title 4, chapter 3 of the Penal Code relating to the grand jury’s authority to conduct investigations independent of the district attorney (Pen. Code, §§ 914.5, 936, 936.5), and for that purpose to compel the attendance of witnesses (Pen. Code, §§ 939.2, 939.7), are equally applicable to inquiries into official misconduct. (See Pen. Code, § 919, subd. (c).)
 

 The principal procedural difference between the presentment of an indictment for a criminal offense and the presentment of an accusation for official misconduct is that, unlike an indictment, the grand jury does not present an accusation directly to the superior court. Rather, the grand jury foreman delivers the accusation to the district attorney (§ 3062).
 

 Seizing upon this difference, the defendant suggests it bespeaks a legislative intent to give the district attorney the opportunity in the case of an accusation to exercise his discretion, in effect, to nullify the grand jury’s decision to prosecute. We do not think the Legislature so intended. The difference in procedure for commencing prosecution derives from the fact an indictment is criminal and an accusation is civil. The indictment is returned directly to and filed with the court, invoking the court’s authority to issue process, i.e., a warrant to arrest the defendant and bring him before the court. Obviously, a public official charged with misconduct by accusation in a civil
 
 *894
 
 proceeding is not subject to arrest, imprisonment and bail to secure his appearance. All that is required is that the accused official be served with a copy of the accusation and written notice to appear. In a civil proceeding, that is a function not for the court but for the adverse party, i.e., the district attorney. The duty to notify the accused and serve the accusation is not intended to provide the district attorney an opportunity effectively to nullify the grand jury’s decision by failing to act. The duty is ministerial; it involves no discretion. Once the duty is discharged, it triggers the ministerial duty forthwith to file the accusation with the court, thus commencing the prosecution. Since defendant does not contend the accusation is void on its face, he is obligated to comply with section 3063.
 

 IV
 

 Although the trial court concluded section 3063 imposes mandatory duties on the district attorney, it based its refusal to issue a writ of mandate on
 
 Boyne
 
 v.
 
 Ryan
 
 (1893) 100 Cal. 265 [34 P. 707].
 
 Boyne
 
 was an action for mandamus to compel the district attorney to initiate proceedings to recover money wrongfully paid by the board of supervisors. Section 8 of the County Government Act, Laws of 1891, page 296 provided: “ ‘[W]hen any board of supervisors shall without authority of law order any money paid as a salary, fees, or any other purposes, and such money shall have been actually paid ... the district attorney of such county is hereby empowered, and it is hereby made his duty, to institute suit, in the name of the county, against such person or persons, to recover the money so paid . . . .’”
 
 (Boyne, supra,
 
 100 Cal. at p. 266.) In affirming the trial court’s denial of a writ of mandate, the Supreme Court explained: “[T]o compel a district attorney, against his will and contrary to his judgment, to merely
 
 commence
 
 an action would be an idle thing in the absence of power to compel him to prosecute it to final determination; and such power is not contended for by appellant. And, indeed, there could be no practicable exercise of such power. The court granting the writ of mandate could not follow the district attorney through the case, and see to it that he filed proper pleadings, offered sufficient evidence, made necessary objections to evidence offered by the defendant, used proper arguments and authorities in discussing questions raised before the court or jury, and conducted the trial with reasonable care and diligence.”
 
 (Boyne
 
 v.
 
 Ryan, supra,
 
 100 Cal. at p. 267.)
 

 Boyne
 
 is inapposite. Whatever the authority of a court to require a public official to prosecute an ordinary civil case, an accusation is not an ordinary civil case. Section 3070 provides the trial of an accusation shall be by jury and shall be conducted “in the same manner as the trial of an indictment.” The manner of trial of an indictment is governed by criminal procedures
 
 *895
 
 found in part 2 of the Penal Code. Chapter 8 of title 10 of part 2 of the Penal Code deals with dismissal of actions. Chapter 8 includes Penal Code sections 1385 and 1386, both of which are applicable here.
 

 Insofar as relevant, Penal Code section 1385 provides: “(a) The judge . . . may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading.”
 

 Penal Code section 1386 provides: “The entry of a nolle prosequi is abolished, and neither the Attorney General nor the district attorney can discontinue or abandon a prosecution for a public offense, except as provided in [Penal Code] Section 1385.”
 

 Thus the district attorney is without the power unilaterally to dismiss an accusation. As an officer of the court, the district attorney must perform his duties in a professional manner.
 
 (Reaves
 
 v.
 
 Superior Court
 
 (1971) 22 Cal.App.3d 587, 596 [99 Cal.Rptr. 156].) We will not presume a district attorney would default in discharging the responsibilities of his office by failing diligently to prosecute an accusation returned by the grand jury.
 

 This does not mean that the district attorney cannot apply his professional judgment to an evaluation of an accusation and, in the exercise of that judgment, move the court in an appropriate case to dismiss in furtherance of justice pursuant to Penal Code section 1385. Such a motion would obviously be appropriate in the specific examples cited by defendant: an accusation which is concurred in by less than the required number of grand jurors, is barred by the statute of limitations, is brought against a public official not subject to section 3060, or is not supported by sufficient, admissible evidence (see also § 3066;
 
 People
 
 v.
 
 Hale
 
 (1965) 232 Cal.App.2d 112, 120-121 [42 Cal.Rptr. 533] [pursuant to section 3066 defendant may object to the legal sufficiency of the accusation on the ground of lack of evidence].)
 

 Plaintiff requests that we award attorney fees pursuant to Code of Civil Procedure section 1021.5. This is a matter to be addressed in the first instance by the trial court on remand.
 

 The judgment is reversed. The trial court is directed to enter judgment granting plaintiff’s petition for writ of mandate to the extent it seeks to compel defendant’s compliance with section 3063. The trial court is further
 
 *896
 
 directed to hear and decide plaintiff’s request for attorney fees. Plaintiff shall recover his costs on appeal.
 

 Scotland, J., and Davis, J., concurred.
 

 Respondent’s petition for review by the Supreme Court was denied June 25, 1997.
 

 [1]
 

 Although the accusation is not part of the record on appeal, “relevant pages” from the grand jury report filed with the superior court are attached to the mandate petition. They specify certain acts of official misconduct by an unnamed member of the board of supervisors, including violations of the Ralph M. Brown Act (§ 54950 et seq.), improper disclosure of confidential information, and conflicts of interest.
 

 [2]
 

 If the district attorney is the accused, the foreman of the grand jury is required to deliver the accusation to the clerk of the superior court who in turn delivers it to a judge of the court. The judge either appoints a person to act as the prosecuting officer or delivers the accusation to the district attorney of an adjoining county and requires him to conduct the proceedings. (§ 3073.)
 

 [3]
 

 When the accusation was found in July 1995, section 3060 required that an accusation must be concurred in by at least 12 grand jurors. Section 3060 has since been amended to add a proviso that in a county in which the required number of members of the grand jury is 11, concurrence of at least 8 is necessary. (Stats. 1996, ch. 105, § 1.)
 

 [4]
 

 The indictment does not require the district attorney’s signature
 
 (People
 
 v.
 
 Coleman
 
 (1948) 83 Cal.App.2d 812, 817-818 [189 P.2d 845]). While it is the district attorney’s duty to “draw all indictments” (§ 26502), “[t]he obvious intendment is that the district attorney must draw all indictments only when requested by the grand jury for . . . advice and assistance.” (Coleman, at pp. 817-818.)
 

 In California, relatively few prosecutions are commenced by indictment. The great majority are initiated by information. The decision to prosecute in such cases is within the exclusive discretion and control of the district attorney.
 
 (People
 
 v.
 
 Adams, supra,
 
 43 Cal.App.3d 697, 707.) By contrast, in the federal system, all prosecutions for capital or otherwise infamous crimes must be by indictment (U.S. Const., Amend. V). Prosecutorial discretion is preserved in the federal system by providing for the prosecutor to validate the indictment with his signature. (See, e.g., Fed. Rules Crim.Proc., rule 7(c)(1), 18 U.S.C.;
 
 United States
 
 v.
 
 Cox
 
 (5th Cir. 1965) 342 F.2d 167, 171-172.)