Filed 6/20/23  P. v. Willis CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061403 |
| v. | (Super. Ct. No. 97NF2316) |
| ANDRE WILLIS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance P. Jensen, Judge.  Affirmed in part and remanded with directions.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Paige B. Hazard and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

As amended in 2021, Penal Code section 1385 enumerates a variety of mitigating circumstances trial courts must consider in deciding whether to dismiss a sentence enhancement in the interest of justice.[1]  The primary question before us is whether dismissal is not only authorized, but *required*, when certain mitigating circumstances are present.  Appellant contends the answer is yes, but consistent with every other appellate panel that has weighed in on the issue, we conclude the concern for public safety is a legitimate reason for refusing to dismiss an enhancement.  Therefore, the trial court was not required to dismiss appellant's enhancements in this case.  However, the parties agree the trial court erred in failing to calculate appellant's presentence credits, and we will thus remand the matter for that limited purpose.  In all other respects, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 1997, appellant and Kevin Boyce entered a hair salon occupied by Shayne York, his fiancée Jennifer Parish, and Jennifer's sister.  Brandishing a handgun, appellant ordered the trio to the floor and took their money.  Then Boyce fatally shot York in the back of the head after discovering he was a sheriff's deputy.  Before fleeing the scene with Boyce, appellant took Jennifer's jewelry and ATM card.

Two hours later, appellant and Boyce walked into a pizza parlor in Yorba Linda and demanded everyone's money.  Several patrons turned over their wallets.  In addition, the duo took roughly $500 from the safe before fleeing the scene.  However, they were apprehended by the police a short time later.

Following a jury trial, appellant was convicted of first degree murder, burglary, three counts of attempted robbery, and five counts of robbery.  He was also found to have used a firearm and suffered two prior strike convictions and a prior serious felony conviction.  The trial court sentenced him to prison for 150 years to life, plus a

_____

[1]  All further statutory references are to the Penal Code, and all undesignated subdivisions and subparagraphs are to section 1385.

2

determinate term of 10 years and 4 months for the firearm and prior serious felony enhancements.

On appeal, we affirmed the judgment in all material respects. (*People v. Willis* (Aug. 29, 2002, G029110) [nonpub. opn.].) But two decades later, appellant successfully petitioned for resentencing pursuant to former section 1170.95, now section 1172.6. After vacating appellant's murder conviction, the trial court resentenced him on May 13, 2022. On the substantive counts, the court imposed a reduced term of 100 years to life. It then reimposed the 10-year and 4-month determinate term for the enhancements. In so doing, the trial court ruled it was not in the interest of justice to strike appellant's enhancements under section 1385. It also failed to award him any presentence custody or conduct credits.

## DISCUSSION

### *Section 1385*

Appellant does not challenge his century-long indeterminate sentence. Rather, he contends the trial court violated section 1385 by failing to dismiss the enhancements that make up his determinate sentence. He argues their dismissal was compelled under the terms of the statute, but he is wrong.

Pursuant to subdivision (c)(1) of section 1385, trial courts must dismiss an enhancement if it is in the furtherance of justice to do so. However, subdivision (c)(2) of the statute makes it clear that the furtherance-of-justice standard is discretionary in nature. It states, "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety*." (Subd. (c)(2), italics added.)

3

Of the nine mitigating circumstances listed in subparagraphs (A) to (I), seven simply describe the nature of the evidence that must be shown, such as proof that application of the enhancement would result in discriminatory racial impact, or that the current offense is connected to mental illness or childhood trauma. (Subd. (c)(2)(A), (D) & (E).) However, two of the mitigating circumstances are not merely descriptive; they also speak to the prospect of dismissal if those circumstances are present. They are set forth in subparagraphs (B) and (C) as follows:

"(B) Multiple enhancements are alleged in a single case. *In this instance, all enhancements beyond a single enhancement shall be dismissed.*

"(C) The application of an enhancement could result in a sentence of over 20 years. *In this instance, the enhancement shall be dismissed*." (Subd. (c)(2)(B) & (C), italics added.)

There is no dispute that both of those mitigating circumstances apply in this case. The only issue is whether they *require* the dismissal of appellant's enhancements for using a firearm and having suffered a prior serious felony conviction.

In arguing they do, appellant relies on the express wording of the subject subparagraphs, which appears straightforward when viewed in isolation. Indeed, the phrase "shall be dismissed" is not ambiguous on its face. However, when used in a statute, the word "shall" does not always impose a mandatory duty. (*People v. Anderson* (2023) 88 Cal.App.5th 233 (*Anderson*).) Although it typically does, "'there are unquestionably instances in which other factors will indicate [the term] was not intended to foreclose [the] exercise of discretion. [Citations.]' [Citation.]" (*Bradley v. Lacy* (1997) 53 Cal.App.4th 883, 889.)

As the *Anderson* court recently explained, section 1385 provides a prime example of this. Examining the "shall be dismissed" language in subparagraphs (B) and (C) of subdivision (c)(2), *Anderson* stated, "'we are not permitted to pluck this phrase out of its placement in the statute and consider it in isolation; instead, we are required to

4

consider where it fits into the "'"'context of the statute as a whole.'"'" [Citation.] Here, the statement that a court 'shall' dismiss certain enhancements appears as a subpart to the general provision that a 'court shall dismiss an enhancement *if* it is in the furtherance of justice to do so.' (§ 1385, subd. (c)(1), italics added.)" (*Anderson, supra,* 88 Cal.App.5th at p. 239.)

"In other words, the dismissal of the enhancement is conditioned on a court's finding dismissal is in the interest of justice. The nature of this condition is further explained by the Legislature's directive that the court, while 'exercising its discretion under this subdivision, . . . shall consider and afford great weight' to evidence of certain factors, and proof of one of the factors 'weighs greatly' in favor of dismissal 'unless' the court finds dismissal would endanger public safety. [Citation.] This language, taken together, explicitly and unambiguously establishes: the trial court has discretion to dismiss sentencing enhancements; certain circumstances weigh greatly in favor of dismissal; and a finding of danger to public safety can overcome the circumstances in favor of dismissal." (*Anderson, supra,* 88 Cal.App.5th at p. 239.)

*Anderson* therefore concluded that if the circumstances in subparagraphs (B) or (C) are found to exist, "dismissal *shall* occur but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety." (*Anderson, supra*, 88 Cal.App.5th at p. 240.) Other courts are in accord. In fact, recognizing the need to consider section 1385 as a whole and harmonize its various provisions, every published opinion that has considered this issue has reached the same conclusion: Despite the "shall be dismissed" language in subparagraphs (B) and (C), dismissal is not required if it would endanger public safety within the meaning of subdivision (c)(2). (*Id*. at p. 241; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294-297; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15-21; *People v. Walker* (2022) 86 Cal.App.5th 386, 396-398, review granted Mar. 22, 2023, S2783091.)

5

As these opinions have pointed out, this reading of section 1385 comports with the purpose and legislative history of the statute. (*Anderson, supra*, 88 Cal.App.5th at pp. 240-241; *People v. Lipscomb, supra*, 87 Cal.App.5th at pp. 18-20; *People v. Walker, supra*, 86 Cal.App.5th at pp. 397-398.) It also avoids the implied repeal of various enhancements provisions, an "absurd" consequence that would follow from appellant's interpretation of the statute. (*People v. Mendoza, supra*, 88 Cal.App.5th at pp. 296-297; *People v. Lipscomb, supra*, 87 Cal.App.5th at pp. 20-21.)

For all these reasons, we conclude that, notwithstanding the applicability of subparagraphs (B) and (C) of subdivision (c)(2) to appellant's sentence, the trial court was not required to dismiss his firearm and prior serious felony enhancements. Instead, the decision to dismiss was a discretionary one to be informed by whether dismissal would be in the interests of justice and public safety. Because appellant does not challenge the trial court's exercise of discretion in that regard, there is no basis to disturb its ruling under section 1385.

*Credits*

At the resentencing hearing, the trial court did not award appellant any presentence credits. We agree with the parties that this oversight requires correction.

"[I]t is the duty of the trial court to award the correct amount of credits." (*People v. Acosta* (1996) 48 Cal.App.4th 411, 428, fn. 9.) When an imprisoned defendant is resentenced following a change to his judgment, "the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.) In addition, the court has the responsibility to "add applicable good behavior credits earned pursuant to section 4019, and reflect the total in the abstract of judgment. [Citations.]" (*Id*. at p. 30.)

6

Appellant claims he is entitled to 9,039 days of actual custody credit, plus 204 days' worth of conduct credit. Rather than trying to assess the merits of his claim based on the limited appellate record, we will remand the matter to permit the trial court to calculate appellant's credits in the first instance. (See *People v. Montalvo* (1982) 128 Cal.App.3d 57, 62 ["it is the business of the trial court, and not the appellate court, to determine the credit to which the defendant is entitled by reason of presentence confinement."].)

## DISPOSITION

The matter is remanded for the trial court to calculate appellant's presentence credits. In all other respects, the judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


MOTOIKE, J.

7