Filed 7/23/24  P. v. Vasquez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE RINCON VASQUEZ,<br><br>    Defendant and Appellant. | G062450<br><br>(Super. Ct. No. 16NF0028)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Patrick H. Donahue, Judge. Affirmed as modified.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Daniel Rogers and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal comes to us following a remand for full resentencing that took place in 2023. The sole disputed issue is whether the trial court erred as a matter of law by not striking appellant's firearm enhancement in the interest of justice pursuant to Penal Code section 1385.[1] Consistent with every other published decision that has construed that provision, we conclude dismissal was not required. Therefore, we affirm appellant's prison term. However, as requested by both parties, we modify the abstract of judgment to accurately reflect various other aspects of the court's sentencing decision.

PROCEDURAL BACKGROUND

In 2020, a jury found appellant Jose Rincon Vasquez guilty of second degree murder for fatally shooting a rival gang member during a confrontation in Orange. It also found true allegations that appellant committed the murder for the benefit of a criminal street gang and that he personally discharged a firearm causing death as contemplated by section 12022.53, subdivision (d). Following that verdict, appellant then pleaded guilty to receiving stolen property and aggravated assault arising from a separate incident.

At sentencing, appellant admitted additional enhancement allegations that he had suffered a prior strike conviction and a prior serious felony conviction. Although the trial court struck those enhancements, it declined appellant's request to strike the gang and firearm enhancements. It then sentenced appellant to prison for 50 years to life on the murder count, including 25 years to life for the firearm enhancement, plus a determinate concurrent term on the remaining counts.

---

[1] All statutory references are to the Penal Code.

2

On appeal, we affirmed appellant's convictions but reversed his sentence and remanded the matter for full resentencing. (*People v. Vasquez* (Apr. 5, 2022, G060006) [nonpub. opn.].) In so doing, we ordered the trial court to consider reducing appellant's firearm enhancement to a lesser enhancement under section 1385 and *People v. Tirado* (2022) 12 Cal.5th 688.

On remand, the trial court declined appellant's request to reduce or strike the firearm enhancement, finding it would not be in the interest of justice to do so. But it did strike the gang enhancement, which knocked 10 years off appellant's sentence. Thus, his current sentence stands at 40 years to life, plus a concurrent term of 3 years and 8 months.

DISCUSSION

I.

FIREARM ENHANCEMENT

Appellant contends the trial court erred as a matter of law by failing to strike his firearm enhancement under section 1385. In his view, striking was required under the plain wording of section 1385, subdivision (c)(2)(C). However, as appellant admits, his position goes against a mountain of case law on the issue, and we see no reason to depart from those decisions.

As amended in 2021, section 1385, subdivision (c)(1) mandates the dismissal of a sentencing enhancement if dismissal would further the ends of justice. (See Sen. Bill No. 81, 2021-2022 Reg. Sess., Stats. 2021, ch. 721, § 1.) But subdivision (c)(2) of the statute makes it clear that the furtherance-of-justice standard is discretionary in nature. It states, "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of

3

dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).)

Of the nine mitigating circumstances listed in subparagraphs (A) to (I), seven simply describe the nature of the evidence that must be shown, such as proof that application of the enhancement would result in discriminatory racial impact, or that the current offense is connected to mental illness. (§ 1385, subd. (c)(2)(A) & (D).) But two of the mitigating circumstances are not merely descriptive; they also speak to the prospect of dismissal if those circumstances are present. They are set forth in subparagraphs (B) and (C) as follows:

"(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement *shall be dismissed*.

"(C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement *shall be dismissed*." (§ 1385, subd. (c)(2)(B) & (C), italics added.)

Appellant argues the 20-year limitation in subparagraph (C) applies in this case to bar punishment for his firearm enhancement. In so arguing, he relies on the plain wording of the statute, which appears to mandate dismissal whenever its terms apply. We agree with appellant that the phrase "shall be dismissed" seems straightforward when viewed in isolation. However, when used in a statute, the word "shall" does not always impose a mandatory duty. (*People v. Anderson* (2023) 88 Cal.App.5th 233 (*Anderson*).) Although it typically does, "'there are unquestionably instances in which other factors will indicate [the term] was not intended to foreclose [the] exercise of discretion. [Citations.]' [Citation.]" (*Bradley v. Lacy* (1997) 53 Cal.App.4th 883, 889.)

4

As the *Anderson* court explained, section 1385 provides a prime example of this. Examining the "shall be dismissed" language in subparagraphs (B) and (C) of subdivision (c)(2), *Anderson* stated, "'we are not permitted to pluck this phrase out of its placement in the statute and consider it in isolation; instead, we are required to consider where it fits into the ""'context of the statute as a whole.'""" [Citation.] Here, the statement that a court 'shall' dismiss certain enhancements appears as a subpart to the general provision that a 'court shall dismiss an enhancement *if* it is in the furtherance of justice to do so.' (§ 1385, subd. (c)(1), italics added.)" (*Anderson, supra*, 88 Cal.App.5th at p. 239.)

"In other words, the dismissal of the enhancement is conditioned on a court's finding dismissal is in the interest of justice. The nature of this condition is further explained by the Legislature's directive that the court, while 'exercising its discretion under this subdivision, . . . shall consider and afford great weight' to evidence of certain factors, and proof of one of the factors 'weighs greatly' in favor of dismissal 'unless' the court finds dismissal would endanger public safety. [Citation.] This language, taken together, explicitly and unambiguously establishes: the trial court has discretion to dismiss sentencing enhancements; certain circumstances weigh greatly in favor of dismissal; and a finding of danger to public safety can overcome the circumstances in favor of dismissal." (*Anderson, supra*, 88 Cal.App.5th at p. 239.)

*Anderson* therefore concluded that if the circumstances in subparagraphs (B) or (C) are found to exist, "dismissal *shall* occur but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety." (*Anderson, supra*, 88 Cal.App.5th at p. 240.) As other courts

5

have noted, this conclusion comports with the Legislature's intent in amending section 1385, and it also avoids the absurd consequence of rendering certain enhancements the Legislature has passed automatically ineffective. (See, e.g., *People v. Ponder* (2023) 96 Cal.App.5th 1042, review granted Jan. 10, 2024, S282925; *People v. Mazur* (2023) 97 Cal.App.5th 438; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294-297; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 15-21; *People v. Walker* (2022) 86 Cal.App.5th 386, 396-398, review granted Mar. 22, 2023, S278309.)

Although appellant claims these decisions were wrongly decided for failing to follow the plain meaning of section 1385, we disagree for the reasons explained in *Anderson* and likewise conclude that the decision to strike an enhancement implicating section 1385, subdivision (c)(2)(C) is a discretionary one to be informed by whether dismissal would be in the interests of justice. Because appellant does not challenge the trial court's factual finding that it would not be in the interests of justice to strike his firearm enhancement—a considerable reach given his horrific criminal history of late—there is no basis for disturbing its decision not to strike the enhancement.

## II.

### ABSTRACT OF JUDGMENT

That said, the parties agree the amended abstract of judgment prepared after resentencing does not accurately reflect the trial court's sentencing decision in various respects. For starters, the amended abstract improperly includes a $300 restitution fine, a $120 court operations assessment, and a $90 criminal conviction assessment. Because the trial court did not actually impose those penalties during its oral pronouncement of judgment at the resentencing hearing, we will strike them from the

6

abstract. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185 [appellate courts have the authority to correct clerical errors in the abstract of judgment].)[2]

It is also apparent that the amended abstract does not accurately reflect appellant's actual custody credits, the date he was resentenced, or the fact that execution of sentence was ordered at resentencing per our prior decision on appeal. Therefore, we will correct those clerical errors, as well. (*People v. Mitchell, supra,* 26 Cal.4th at p. 185.)

## DISPOSITION

The amended abstract of judgment is modified as follows: 1) The $300 restitution fine, $120 court operations assessment, and $90 criminal conviction assessment are all stricken; 2) in section 16, the actual custody credits is 2,602 days, and the date of resentencing is February 17, 2023; and 3) in sections 15 and section 14, execution of sentence is imposed at resentencing per decision on appeal.

The clerk of the trial court shall prepare a new amended abstract of judgment reflecting these modifications and forward a certified copy of that abstract to the Department of Corrections and Rehabilitation.

_____

[2] This moots appellant's back-up argument that imposition of said penalties violated his due process rights. (See *People v. Dueñas* (2019) 30 Cal.App.5th 1157.)

In all other respects, the judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


GOODING, J.